## PERRY MITCHELL v. THE STATE.

### No. 2588.   Decided June 27, 1913.

**1.—Local Option—Change of Venue—Bills of Exception—Statement of Facts.**

Where the facts presenting the question of change of venue, and bills of exception with reference thereto, were not filed during term time, the same could not be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**3.—Same—Election—Evidence—Law in Force.**

Where, upon trial of á violation of the local option law, all the matters appertaining to the election for local option were introduced in evidence showing that prohibition was in force, there was no error; and such election could not be affected by the result of another election in another precinct, and would not constitute an election over the whole county; neither could the fact of a general election in the county, less than two years before said election in said precinct affect the same.

**4.—Same—Excessive Punishment.**

The penalty of imprisonment in the penitentiary for a violation of the local option law, as fixed by the Legislature, is not excessive.

**5.—Same—Charge of Court—Alibi—Reasonable Doubt.**

Where, upon trial of a violation of the local option law, the court properly submitted the law upon alibi, reasonable doubt, etc., there was no error on those grounds.

Appeal from the District Court of Potter.   Tried below before the Hon. James N. Browning.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for unlawfully selling intoxicating liquor in precinct No. 1 of said county, after prohibition had been adopted, properly declared and published in November, 1911, and his penalty fixed at two years in the penitentiary.

The term of court at which he was convicted convened on January 13, 1913, and adjourned April 5, 1913. By law, as well as in fact, the court could be held and was held that term longer than eight weeks. The motion for new trial was overruled and notice of appeal given on January 28, 1913. Appellant made a motion to change the venue, which was properly resisted by the State. The court heard evidence

thereon and overruled the motion. The bill presenting this question was not filed until May 17, 1913, 109 days after the motion for new trial was overruled. Our statute requires that bills of exception presenting the question of change of venue must be filed during term time. The decisions uniformly follow the statute. Under no circumstances can we consider the question of the change of venue.

The unlawful sale of intoxicating liquors charged in the indictment was testified to positively and clearly by two witnesses. Appellant testified denying making the sale. He also had testimony which, if believed, might have been sufficient to establish an alibi. These questions were properly submitted by the court to the jury and all found against appellant. The evidence was amply sufficient to sustain the finding.

The petition for an election to prohibit the sale of intoxicating liquors in precinct No. 1 of Potter County; also the order of the court thereon granting the petition and ordering the election to be held in September, 1911; also the order of the court showing that such election was held on the date fixed by the Commissioners Court; also the order of the court showing that at the proper time they canvassed the returns and they showed, and so declared by the court, that prohibition carried in said precinct, and the order for the publication and the proper certificate showing the publication of said order putting said prohibition in force, were all introduced in evidence and clearly established that by said election, orders of the Commissioners Court and publication, prohibition in said precinct was in effect some months before this sale was alleged to have been made. So that there can be no question under the law that prohibition prohibiting the sale of intoxicating liquors in said precinct was in force at the time of the alleged sale and that prohibition was adopted after the statute making such sale a felony was in full force and effect. It appears that at the same time the Commissioners Court ordered said election, it in independent and separate orders, ordered a like election in two other precincts of the county on their own motion without any petition. This could not and would not affect the election and result in said precinct No. 1 whatever the result in either or both of the other precincts. The county was divided into four precincts and no election was ordered in one of the precincts at that time. Appellant's contention that the other precinct has only a few voters in it, could not and would not make the election for said three precincts the whole of the county. So that appellant's contention that the election for three of the precincts at the same time was in effect an election for the whole county, can not be sustained. The fact that an election for the whole county was held less than two years before this election was ordered, does not affect or render invalid this election for precinct No. 1. Our statute expressly declares that an election for any subdivision of a county may be ordered and held and prohibition adopted therein within two years, notwithstanding an election for the whole county has been held and prohibition defeated within two years.

The Legislature, having fixed the penalty for a violation of this law

at confinement in the penitentiary not less than one nor more than three years, which it had the exclusive right to do, the penalty of two years in this case is not and can not be excessive.

The court's charge on alibi, taken as a whole, did not assume and could not have been so considered by the jury as assuming that the offense had been committed. Not only that, but the charge, taken as a whole, which must be done when any particular paragraph is assailed, excludes any such assumption by the court, but the court submitted the questions properly to the jury for a finding. Neither did the court err in the paragraph of the charge submitting the case to the jury for a finding on its merits, in not adding thereto, as contended by appellant, that unless the jury did so believe beyond a reasonable doubt, to acquit him. The charge required the jury to affirmatively believe beyond a reasonable doubt all the facts necessary to show his guilt before they could find him guilty, and correctly gave a complete charge as prescribed by the statute on reasonable doubt, telling the jury the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and if you have a reasonable doubt as to the guilt of defendant, you will acquit him.

No error in the record being pointed out by appellant, the judgment is affirmed.

*Affirmed.*