Juan **ESCAMILLA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43460.

Court of Criminal Appeals of Texas.

March 3, 1971.

Rehearing Denied April 14, 1971.

Garland G. Weir, San Antonio, for appellant.

Ted Butler, Dist. Atty., Earl C. Hill and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of murder without malice. The jury assessed punishment at four years confinement.

A summary of the State's evidence shows that appellant shot and killed the deceased with a gun. The shooting occurred in a "lounge, bar." Numerous eye witnesses testified to these facts.

Appellant, in effect, urges three grounds of error.

▇ The first, that the State failed and refused to place positive evidence on the stand, although it was available, but instead relied on evidence "substitutory in nature."

The State made known to appellant that one Joe Mathis would testify to the effect that appellant acted in self-defense. The State refused to put Mathis on the stand but relied on other witnesses to the shooting. Appellant later placed Mathis on the stand and he testified fully.

There is no error shown by failure of the State to call the witness. In the case of Pugh v. State, 69 Tex.Cr.R. 357, 151 S.W. 546, this Court held that where the defendant is relying on eye witnesses to prove his theory of self-defense, the State is not required to call the witnesses. In the case at bar, no evidence was concealed; full disclosure was made to appellant.

The first ground of error is overruled.

▇ Appellant's second ground of error complains that at the time the State rested its case, it was nothing more than a weak circumstantial evidence case. That the State had subpoenaed 19 witnesses but only used eight. Further, he contends that as a matter of law, the State had failed to

prove its case and that the motion for instructed verdict being denied was error.

The motion made was as follows:

"MR. WIER: Comes now the defendant in the above entitled and numbered cause, at the time the State has rested its case, and moves the Court to instruct the jury to return a verdict of 'not guilty' for the following facts and reasons:

"That the defendant in this case is indicted for murder with malice. The definition of the same being that it is a state of mind showing a heart regardless of social duty and fatally bent on mischief, which is to be inferred from acts committed or words spoken; and that such a charge, insofar as malice aforethought is concerned, is and can only be proved by circumstantial evidence.

"And, further, that the State of Texas, having called 19 witnesses and having submitted only 8 of those witnesses, wholly fails, as a matter of law, to prove the defendant guilty beyond a reasonable doubt. Specifically, I have recorded that Horace Mitchell, subpoenaed by the State, has not been called as a witness.

"THE COURT: Horace Mitchell testified. The record will not bear out your contention.

"MR. WIER: I think you are right, Judge; I had him marked there—that threw me. Leroy Linton was not called; Rodger Sattiewhite was not called.

"THE COURT: Counsel, I don't see anything to be gained by this. Are you contending that the State can not make out a prima facie case unless they put on every witness they subpoena?

"MR. WIER: I am making that motion.

"THE COURT: Well, your motion is overruled.

"MR. WIER: All right. Would you note my exception, please."

An examination of the record shows a sufficiency of the evidence at the time the State rested. There is no rule that requires the State to call all witnesses subpoenaed. It is only necessary that the proof be present. Kidwell v. State, 35 Tex.Cr.R. 264, 33 S.W. 342; Trotter v. State, 37 Tex.Cr.R. 468, 36 S.W. 278; McGrew v. State, Tex.Cr.App., 49 S.W. 226.

Appellant's third ground of error contends that self-defense was established as a matter of law.

■ There is no presumption in law that when one person shoots and kills another that he acted in self-defense. The burden is on the defendant to prove the same. Dover v. State, 102 Tex.Cr.R. 113, 277 S.W. 675.

■ The testimony shows that no weapon was found on the deceased or around his body, however, the deceased was advancing on appellant and the appellant testified deceased had a knife in his hand. There was positive testimony from three witnesses that they did not see a knife or other weapon on deceased before or after the killing. The testimony raises a fact issue on self-defense. The court fully charged on self-defense.

The jury rejected this defensive issue.

For there to be self-defense as a matter of law, the rule is as stated in Parkman v. State, 149 Tex.Cr.App. 101, 191 S.W.2d 743:

"In making this contention, he recognizes the controlling rule to be that in order for a reviewing court to hold, as a matter of law, that a defendant in a homicide prosecution killed in self-defense, the evidence must be uncontradicted and no issue thereon presented for the jury's determination. Parker v. State, 138 Tex.Cr.R. 478, 136 S.W.2d 229; Patton v. State, 129 Tex.Cr.R. 269, 86 S.W.2d 774."

There being a fact issue present, the third ground of error is overruled.

The judgment is affirmed.