Calvin Leon HUDSON, Appellant,

v.

The STATE of Texas, State.

No. 2–82–016–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 17, 1982.

Discretionary Review Refused
Feb. 2, 1983.

Roger E. Towery, Henrietta, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, for appellee.

Before HUGHES, SPURLOCK and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Calvin Leon Hudson has appealed his conviction for the offense of burglary. He was sentenced to imprisonment in the Texas Department of Corrections for life as a result of enhancement.

We affirm.

On June 4, 1981, around 3:00 a.m., Calvin Leon Hudson was stopped by the police north of Mineral Wells, Texas. He was driving a black over white Buick. They told him that they were looking for jail escapees and asked to look in his car and trunk. Hudson agreed and opened the trunk in which the police observed a large cardboard box containing cigarettes, coffee, Cokes and general grocery merchandise. There were also two tool cabinets, a gas can and a large tackle box.

Hudson was asked about the items and claimed them as his own. He was then asked to go between the police car and his car. He did so and shortly thereafter, headed west off the shoulder into the brush.

A policeman shouted "halt" and fired a warning shot after which the police searched the area for 30 to 45 minutes. Hudson never returned. The contents of his car were inventoried and a wrecker service was called. The car was locked in a yard at the wrecker service.

Later that morning, Officer Weddel investigated a burglary at the Willis Station south of Henrietta, Texas. The burglary occurred between dusk on June 3, 1981 and 6:00 a.m. the morning of June 4. The property reported stolen consisted of several cartons of cigarettes, some coffee, radiator hoses, Cokes, motor oil and gloves.

On June 3, 1981, the day before the burglary, Cecil Willis and his son, Billy, went to the Willis Station a little before dark to check on the place. They saw what they described as a black over white Chevrolet parked about two city blocks away. In the course of his investigation, Officer Weddel went to the place where the car was reported to have been parked. There he found tire tracks, a white cotton glove, a pack of cigarettes and a cardboard box.

At trial, Hudson was identified as a hitchhiker who was present at the Willis Station around closing time on June 3, 1981. The items found in Hudson's car were identified as having come from the store and Zula Willis testified that they were not sold to the defendant.

In his second ground of error, Hudson complains the trial court erred in denying his motion for an instructed verdict based on insufficiency of the evidence.

The State relied upon circumstantial evidence to sustain the conviction, and the jury was instructed on the relative law. The appellant asserts that the evidence in this

case is weak and relies on the rule in *Ysasaga v. State*, 444 S.W.2d 305, 309 (Tex.Cr. App.1969), which states:

" 'Where the circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction.' "

The other testimony which appellant claims would have cast additional light on the facts would have come from another officer who was present when the defendant was stopped, as well as Alvin Veith and his wife (who sold the Willis Station to Zula Willis and her son) and two local boys who brought the hitchhikers to the store.

In every case there are questions left unanswered, but the evidence brought before the jury must sufficiently establish all material elements of the offense charged. In the present case, the missing testimony may have answered some small questions, but we fail to see where it would have established a material element of the case. As the State points out in its brief, a distinction should be made between "shedding light" and being redundant.

■ The State is not required to produce every available witness with knowledge of the case. They must only prove the defendant's guilt beyond a reasonable doubt.

■ A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Romo v. State*, 593 S.W.2d 690 (Tex.Cr.App.1980). In determining whether the evidence is sufficient, each case must be tested by its own facts and viewed in the light most favorable to the jury's verdict. *Vaughn v. State*, 607 S.W.2d 914 (Tex.Cr.App.1980); *Ysasaga v. State, supra.*

■ Hudson complains that every other reasonable hypothesis was not excluded. While proof amounting only to a strong suspicion is insufficient, it is not necessary that every fact point directly and independently to Hudson's guilt. It is enough if the jury's conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Sullivan v. State*, 564 S.W.2d 698 (Tex.Cr.App.1978); *Flores v. State*, 551 S.W.2d 364 (Tex.Cr. App.1977).

■ In the instant case, the State offered proof of a burglary where coffee, cartons of cigarettes, Cokes, motor oil and other things were stolen. The testimony of Zula and Cecil Willis placed Hudson at Willis Station at closing time. A black and white car very similar to Hudson's was seen two city blocks from the scene of the burglary at dusk. Tire tracks and evidence from the burglary were found where the car was seen parked. Property identified as being stolen from the Willis Station was found in Hudson's possession. Hudson fled from the scene after his car was stopped by police.

The cumulative weight of the evidence is sufficient to sustain the jury's verdict. The second ground of error is overruled.

The first ground of error complains that the trial court erred in denying appellant's motion to suppress, and admitting into evidence, certain cartons of cigarettes and a can of Folger's coffee. Appellant argues that the evidence was the product of an illegal search and seizure, that the chain of custody was not properly shown; and that it was not properly identified as property stolen from the Willis Station.

A warrant to search Hudson's car was never obtained so the State must show the reasonableness of the search. *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). The State argues that Hudson abandoned his car and therefore lost his standing to complain of an illegal search and seizure. See *Abel v. United States*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

■ The Fifth Circuit has viewed the issue of abandonment in terms of whether or not the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property so that he can no longer retain a reasonable expectation of privacy with regard to it. *United States v. Colbert*, 474 F.2d 174 (5th Cir.1973). Texas endorses the same approach in *Smith v. State*, 530 S.W.2d 827 (Tex.Cr.App.1975). Abandonment is primarily a question of intent which may be inferred from the actions of the appellant. All relevant circumstances should be considered in determining whether or not the car was abandoned. *United States v. Colbert, supra; United States v. Manning*, 440 F.2d 1105, 1111 (5th Cir.1971).

■ Hudson argues that he did not intend to abandon the car and that even if abandonment is found, that it was not voluntary. At the pre-trial hearing on suppression of the evidence, Hudson testified that the police found a gun in his car; they became alarmed and an officer pulled his service revolver which scared Hudson so he ran from the roadway. He also testified that he notified the Abilene Police Department of his desire to reclaim his car.

When Hudson fled from the car, he did so without an explanation to anyone. He continued on to Mineral Wells and, even though he supposedly notified the Abilene Police of his desire to reclaim his car, he in fact made no effort to reclaim the car from the police agencies of the county where he left it. There is no indication that Hudson reconsidered his decision to leave his car with the police.

With regard to the voluntariness of the abandonment, it should be noted that police pursuit or the existence of a police investigation does not of itself render abandonment involuntary. *Abel v. United States, supra; United States v. Colbert, supra.* Hudson testified that he was shot while fleeing from the car, but this has no bearing on the voluntariness of his abandonment. There is even some question as to when the revolver was drawn. Officer Garrett testified that no weapons were drawn until Hudson fled from the car.

Hudson left his car with the police by the side of the highway at 3:00 a.m. in the morning. He made no actual effort to reclaim it. The facts warrant a conclusion that Hudson abandoned his car voluntarily.

It should also be noted that Hudson consented to a search of the car trunk so the need for a search warrant was eliminated. Once the car was abandoned, the police could lawfully impound it. *Benavides v. State*, 600 S.W.2d 809 (Tex.Cr.App.1980). We hold that the evidence admitted at trial was not obtained by an unreasonable search and seizure.

■ Hudson also complains that the proper chain of custody was not shown. The contents of the car were inventoried at approximately 4:00 a.m. on June 4, 1981. The car was locked with the evidence inside and turned over to a wrecker service. The car was then locked up at the wrecker yard. At approximately 8:00 p.m. that day, the evidence was turned over to Sheriff W.F. Conway and locked in his car trunk. The next day at about 1:00 p.m. the evidence was taken to the Willis Station for identification. It was then taken to the Clay County Sheriff's Department and locked in the evidence room.

At the time the evidence was locked in the car and towed away the police had no reason to mark the items nor remove them from the car. A list of the inventory was made which was sufficient to protect the integrity of the items in the car. It was not until a later time that the police became aware that the goods could possibly have been stolen. The evidence was then removed from the car and notations of the stamp numbers that were on the cigarettes were made.

Admittedly, the evidence was not marked when it was removed from the car. Although this is not a practice which should be condoned, marking alone does not determine the admissibility of the evidence.

There is nothing in the record to indicate the evidence was tampered with at any time. The evidence was properly admitted

and any questions go to the weight of the evidence rather than the admissibility. *Yantis v. State,* 476 S.W.2d 24 (Tex.Cr.App. 1972); *Walker v. State,* 470 S.W.2d 669 (Tex.Cr.App.1971).

With regard to the identification of the property as being the property stolen, Hudson relies on the case of *Nichols v. State,* 479 S.W.2d 277 (Tex.Cr.App.1972). The court stated that it is not sufficient identification to show that goods were of the same brand as those stolen. *Nichols v. State, supra.*

The *Nichols* case is not comparable to this case. At trial, Mrs. Willis identified the cigarettes as being the brands they carried and the brands that were missing. The State also showed the disposition and custody of the items found in Hudson's possession, something the State failed to do in the *Nichols* case.

The markings on the can of coffee were identified by Mrs. Willis as the markings they used and left no doubt in her mind about the identification. The failure of the positive identification of the items as the identical ones taken in the burglary did not render the items inadmissible. *Nelson v. State,* 505 S.W.2d 271 (Tex.Cr.App.1974).

Appellant's first ground of error is overruled.

We affirm.