**Jorge Garcia MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00453–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 22, 1989.

Rehearing Denied March 20, 1989.

Oscar J. Pena, Sr., Pena, Pena, & Pena, Laredo, for appellant.

Carlos H. Barrera, Asst. Criminal Dist. Atty., Laredo, for appellee.

Before REEVES, CHAPA, and PEEPLES, JJ.

## OPINION

CHAPA, Justice.

Appellant, Jorge Garcia Morales appeals a jury conviction for the offense of Voluntary Manslaughter Felony II wherein his punishment was assessed at confinement for seven years and a fine of $1,000.00. We affirm.

The issues before this court are:

1) whether the evidence established self-defense as a matter of law;

2) whether the trial court committed reversible error by not charging sua sponte on lesser included offenses;

3) whether appellant is entitled to reversal because he was deprived of a complete record in spite of his alleged diligence;

4) whether the trial judge committed reversible error in not allowing defense counsel a reasonable time to examine the court's charge and object thereto; and

5) whether appellant was deprived of a fair and impartial trial because of actions of the prosecutor which "probably resulted in an improper verdict of guilty."

Initially, appellant contends that the evidence establishes his defense of self-defense as a matter of law. We disagree.

■ This point of error is controlled by the application of the principles set out in *Escamilla v. State*, 464 S.W.2d 840 (Tex. Crim.App.1971), in a case very similar to the case here. In *Escamilla, supra,* the court stated:

There is no presumption in law that when one person shoots and kills another that he acted in self-defense. The burden is on the defendant to prove the same. *Dover v. State*, 102 Tex.Cr.R. 113, 277 S.W. 675.

The testimony shows that no weapon was found on the deceased or around his body, however, the deceased was advancing on appellant and the appellant testified deceased had a knife in his hand. There was positive testimony from three witnesses that they did not see a knife or other weapon on deceased before or after the killing. The testimony raises a issue on self-defense. The court fully charged on self-defense.

The jury rejected this defensive issue.

For there to be self-defense as a matter of law, the rule is as stated in *Parkman v. State*, 149 Tex.Cr.App. 101, 191 S.W.2d 743:

In making this contention, he recognizes the controlling rule to be that in order for a reviewing court to hold, as a matter of law, that a defendant in a homicide prosecution killed in self-defense, the evidence must be uncontradicted and no issue thereon presented for the jury's determination. *Parker v. State*, 138 Tex.Cr.R. 478, 136 S.W.2d 229; *Patton v. State*, 129 Tex.Cr.R. 269, 86 S.W. 2d 774.

There being a fact issue present, the third ground of error is overruled.

In the case before us, the testimony of the appellant and the ex-wife of the deceased revealed that the deceased, at the time he was shot, was advancing in their direction with his hand in his pocket with something "shiny." Other testimony clearly established that no weapon was found at or near the body of the deceased in spite of a thorough search immediately after the incident. Appellant vehemently testified he did not intend to shoot the deceased and his gun "instinctively" went off once without aim and in an upward direction. The first police officer on the scene found the deceased staggering with the right eye out of its socket as a result of a gun shot wound. Appellant testified that at the scene he was primarily concerned about the safety of the deceased's ex-wife because of the violent nature of the deceased, and that he was sure he had missed the deceased when he had fired. However, he also testified that after leaving the scene he immediately returned, left the deceased's ex-wife alone to pick up her car, and immediately left to a friend's house to go across the border to the red light district. Further, although appellant insisted he was sure he had missed the deceased and felt only responsible for illegally discharging a firearm, he nevertheless disposed of the gun, which was never recovered, in a sewer gutter. We conclude as in *Escamilla, supra,* that the evidence raised a fact issue on self-defense to be decided by the jury. The point is overruled.

■ Appellant next contends that the trial judge committed reversible error in not charging sua sponte on several lesser included offenses.

*Ashworth v. State*, 418 S.W.2d 668 (Tex. Crim.App.1967) controls here. The court stated:

In her ground of error # 2, appellant insists that the court erred in failing to charge the jury on the lesser degrees of culpable homicide, including assault with intent to commit murder, pursuant to the requirements of Articles 37.08 and 37.09 of the Code of Criminal Procedure.

No request was made by appellant that the court charge on any lesser included offense and no objection was made to the court's charge on such ground. In the

absence thereof, appellant is in no position to complain.

*Id.* at at 670.

The record here reflects that appellant did not object to the charge nor submit any requested issues in writing or orally. TEX. CRIM.PROC.CODE ANN. § 36.14 (Vernon 1988). Therefore the appellant is in no position to complain. The point is overruled.

■ Appellant next argues he is entitled to a reversal because he was deprived of a complete record in spite of his alleged diligence. He suggests that simply because he requested and was granted a court order at the commencement of the trial that a complete record be made, he was relieved of any responsibility for diligence thereafter during the trial. We disagree.

In *Walthall v. State,* 594 S.W.2d 74 (Tex. Crim.App.1980) the court stated:

It is the responsibility of counsel to advise the trial court if he desires to have the proceedings or any part thereof reported. Art. 40.09, V.A.C.C.P.; *Taylor v. State,* 489 S.W.2d 890 (Tex.Crim.App. 1973). While appellant had requested that the trial proceedings be recorded, it was nevertheless incumbent on him to object if the bench conferences were not held within the hearing of the reporter or recorded by her. Appellant did not object during the trial, nor did he object to the record after being notified of its completion. *See* Art. 40.09, Sec. 7, V.A.C. C.P. Moreover, appellant has neither shown nor alleged that anything pertinent to this appeal took place in the unrecorded bench conferences. Reversible error is not presented.

*Id.* at 81.

■ Appellant further complains because the record does not include some of the bench conferences. We note, however, that in registering his complaint, appellant fails to allege that he objected to the charge, that he submitted *requested* instructions, or that he insisted on the court reporter being present at the bench conferences. In short, appellant does not point out what occurred during the conferences which is missing from the record and sustains his contentions. Aside from the initial pretrial request for a complete record, the record is silent as to any efforts on the part of appellant which would show his diligence in obtaining a recording of anything. We cannot agree that the appellant has shown proper diligence or reversible error. The point is overruled.

Appellant's next point of error is similar to the prior complaint. He contends the trial judge did not allow him a reasonable time to examine the court's charge and object to it.

■ Again, appellant fails to even allege that he advised the court he needed additional time, that he had intentions of submitting written requested instructions, or that he wished to dictate into the record either his request for additional time or his requested instructions. This record and the appellant fail to show appellant's diligence in informing the trial court of what he now complains about for the first time. The point is overruled.

■ In his last point, appellant makes a global complaint as to the prosecutor's efforts to show the intimate relationship between appellant and the deceased's ex-wife. Without pointing out to this court where the trial judge erred in its rulings, appellant merely contends appellant was deprived of a fair and impartial trial. Appellant has failed to comply with TEX.R. APP.P. 74(d). However, we will address what appears to be the gist of appellant's complaints; the matter of the relationship between appellant and the deceased's ex-wife.

Since appellant has failed to show where the trial judge erred in its ruling, we must presume that his rulings as to the admissibility of evidence were correct. Further, TEX.PENAL CODE ANN. § 19.06 authorizes "testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense." Thus the relationship between the accused

and the deceased's ex-wife was generally relevant and admissible.

We will now address appellant's complaint pertaining to the prosecutor's argument to the jury.

■ To be appropriate, jury arguments must fall within the areas of 1) summation of the evidence; 2) reasonable deduction from the evidence, 3) answer to argument of opposing counsel; or 4) a plea for law enforcement. *Melton v. State,* 713 S.W.2d 107, 114 (Tex.Crim.App.1986) (en banc). Any alleged improper argument by the prosecution is generally waived by a failure to object. *Landry v. State,* 706 S.W.2d 105, 111 (Tex.Crim.App.1985) (en banc), *cert. denied,* 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986). However, a jury argument which is extreme or manifestly improper, or injects new and harmful facts into evidence is reversible error with or without objection. *McKay v. State,* 707 S.W.2d 23, 36 (Tex.Crim.App.1985) (en banc), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

■ The record here reflects that the prosecutor generally summed up the evidence to the jury. Where the opposing counsels disagreed on what the evidence was, the court reminded the jury that they would guide themselves by their own memories. On the few occasions that appellant objected, the court sustained the objection and instructed the jury accordingly. No relief requested by the appellant during argument was denied by the court in this record. Therefore, in order to require reversal here, the argument of the prosecution must have been extreme or manifestly improper, or have injected new and harmful facts into evidence. The record here does not so reflect. Further, we find beyond a reasonable doubt that any alleged error, if any, made no contribution to the conviction or the punishment. TEX.R. APP.P. 81(b)(2).

The judgment is affirmed.