Sanford Earl **RUSSELL, Jr.**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00428–CR.**

Court of Appeals of Texas, Dallas.

May 27, 1992.

Rehearing Denied July 13, 1992.

Discretionary Review Refused Nov. 4, 1992.

Lawrence B. Mitchell, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

A jury convicted Sanford Earl Russell of murder. Punishment was assessed at seventy-five years' confinement and a $10,000 fine. In two points of error, appellant contends that the trial court erred in failing to instruct the jury that: (1) a reasonable doubt on the issue of self-defense requires acquittal, and (2) the State has the burden to disprove self-defense beyond a reasonable doubt. We sustain appellant's first point of error and reverse the trial court's judgment.

### FACTUAL BACKGROUND

Don Keith Raines and John Glenn Goins were accosted by two men while boating in Rowlett Creek. The men accused them of "messing with their trot lines." One man pointed a gun at Raines and Goins and ordered them to get into the water. This man was later identified as Edgar Smith. Fearing for their lives, Raines and Goins jumped into the water.

The other man got into Raines's boat and dumped the motor. This man was later identified as appellant. Smith maneuvered his boat toward Raines and Goins. Smith said, "Oh, you shouldn't have did that." When Raines heard this, he looked behind him and saw Goins floating in the water surrounded by a pool of blood. Raines tried to wrap a life preserver around Goins, but Smith ordered him to "let him go." Goins's body sank. Appellant then began moving toward Raines, saying "I'm going to get you. It's your turn." Raines dove underneath the boat and swam under water until he reached the shore.

Several men who were fishing on the shore had seen the occupants of both boats earlier. They heard shouting. When they saw Raines's empty boat and two life preservers float by, one of them notified the police. The police recovered Goins's body several hours later. An autopsy revealed that the cause of death was a three-inch knife wound in the neck. The medical examiner testified that the knife entered Goins's neck from the rear and continued in a downward direction.

Several months later, the police arrested appellant for the murder of John Goins. Appellant did not testify on his own behalf.

The defense presented its case through the testimony of Edgar Smith. Smith testified that he and appellant confronted Raines and Goins because they saw some of their fishing gear in Raines's boat. Smith testified that Raines became belligerent when they questioned him about the gear. Smith said that he pointed a gun at Raines and Goins only after Raines reached under his seat. Smith admitted that he never saw Raines with a gun or any other weapon. Smith testified that he ordered Raines and Goins into the water so he could get into the boat and recover his fishing gear.

Smith admitted that he did not see what happened between appellant and Goins. When he saw the pool of blood, Smith picked up appellant and quickly left the scene, fearing that Raines would return. He testified that appellant was scared and crying when he got into the boat. Appellant told Smith that he had tossed a life jacket to Goins when Goins told him he could not swim. Appellant also told Smith that Goins used the life jacket to push himself up out of the water. Appellant said Goins came at him with a knife. Appellant said he kicked Goins back into the water and grabbed his own knife. Appellant told Smith that, when Goins came back at him a second time, he used his own knife to protect himself.

### JURY INSTRUCTION ON SELF-DEFENSE

In his first point of error, appellant contends that the trial court erred in overruling his objection to the instruction on self-defense contained in the jury charge. Appellant maintains that the charge was erroneous because it did not instruct the jury that a reasonable doubt on the issue of self-defense requires acquittal.

#### 1. The Jury Charge

The general charge provided that no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The jury was instructed that the burden of proof is on the State. The charge enumerated the elements of murder and instructed the jury to find appellant guilty if they found beyond a reasonable doubt that appellant intentionally or knowingly caused the death of John Glenn Goins by stabbing him with a knife. The charge then instructed the jury on the elements of self-defense and deadly force in defense of a person. An application paragraph followed:

> Now, if you find and believe from the evidence that the defendant caused the death of John Glenn Goins, if he did, but you further find and believe from the evidence that at the time of doing so, if he did, viewed from the standpoint of the defendant at the time, he was acting under a reasonable belief, as that term has been defined to you, that he was in immediate danger of death or serious bodily injury, and that the use of deadly force was immediately necessary to protect himself from such danger, and that a reasonable man in the same situation would not have retreated in order to avoid the necessity of using deadly force, and that acting under such reasonable belief the defendant stabbed and killed the deceased then you must acquit the defendant and say by your verdict, not guilty.

The application paragraph did not instruct the jury that they must find for appellant and render a verdict of not guilty if they had a reasonable doubt on the issue of self-defense.

#### 2. Applicable Law

The defendant has the burden of producing sufficient evidence to raise the issue of self-defense. TEX.PENAL CODE ANN. § 9.31 (Vernon 1974); *Luck v. State,* 588 S.W.2d 371, 375 (Tex.Crim.App.1979). The State has the burden of persuasion in disproving evidence of self-defense. *Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim. App.1991); *Brotherton v. State,* 666 S.W.2d 126, 128 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd).

Section 2.03(d) of the Penal Code provides that "if the issue of the existence of a defense is submitted to the jury, the court *shall* charge that a reasonable doubt on the issue requires that the defendant be

acquitted." Tex.Penal Code Ann. § 2.03(d) (Vernon 1974) (emphasis added). The jury must be instructed to acquit the defendant if they believe that he was acting in self-defense or have a reasonable doubt thereof. *Saxton,* 804 S.W.2d at 913; *Brotherton,* 666 S.W.2d at 128.[1]

### 3. Application of Law to the Facts

■ The charge did not instruct the jury that they must acquit appellant if they had a reasonable doubt on the issue of self-defense. Section 2.03(d) of the Penal Code *requires* such a charge if the issue of the existence of a defense is submitted to the jury. We conclude that the trial court erred in failing to include appellant's requested instruction in the jury charge.

### HARM ANALYSIS

■ Appellant timely objected to the jury charge. We must reverse the trial court's judgment if the error in the charge was calculated to injure the rights of appellant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). We examine the entire record to determine whether appellant suffered some harm as a result of this error. *Arline v. State,* 721 S.W.2d 348, 352 (Tex.Crim.App.1986). The actual degree of harm must be assessed in light of (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other information revealed by the record as a whole. *Almanza,* 686 S.W.2d at 171.

■ The issue of self-defense was hotly contested at trial. Appellant did not testify. The defense presented its case through the testimony of Smith. Appellant told Smith that he stabbed Goins only after Goins came at him with a knife. One of Smith's sons, who was also in the boat, stated in a sworn affidavit that either Raines or Goins had a knife. There is

testimony that contradicts the self-defense theory. Several witnesses testified that Goins did not know how to swim and, in fact, was afraid of water. Raines testified that Goins was struggling in the water and yelling for help. Raines testified that neither he nor Goins had a knife or any other weapon. A Dallas police detective testified that Goins was dressed in swimming trunks and that he could not have carried a knife in the pocket.

Although there was sufficient evidence to raise the issue of self-defense, neither the arguments of counsel nor the court's charge instructed the jury that they must acquit appellant if they had a reasonable doubt on the issue of self-defense. After reviewing the entire record, we cannot conclude that appellant did not suffer some harm as a result of the trial court's error. Accordingly, we sustain appellant's first point of error.

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

---

1. The State relies on a line of cases which stand for the proposition that, when a general instruction on the burden of proof and reasonable doubt is included in the jury charge, it is not necessary to restate the rule in each application paragraph. *Wilson v. State,* 140 Tex.Crim. 424, 145 S.W.2d 890, 892 (1940); *Mitchell v. State,* 71 Tex.Crim. 241, 158 S.W. 815, 816 (1913); *Kuntschik v. State,* 636 S.W.2d 744, 748 (Tex. App.—Corpus Christi 1982, no pet.). None of the cases cited by the State involve the trial court's failure to instruct the jury on reasonable doubt in connection with a defense raised by the evidence.