IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-483-CR





ELLIE SHELVIN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 374,338, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING



 




 This appeal is taken from a conviction for assault causing bodily injury, a class "A"
misdemeanor. See Tex. Penal Code Ann. § 22.01(a)(1) (West 1989). After the jury found
appellant guilty, the trial court assessed punishment at confinement in the county jail for one year.

 Appellant advances four points of error. He contends that the State's decision not
to call the complainant as a witness (1) shifted the burden of proof on the issue of self-defense to
appellant in violation of section 2.03 of the Texas Penal Code (1) and article I, section 19 of the
Texas Constitution; (2) violated appellant's right to due course of law by requiring appellant to
choose between his rights to confrontation and cross-examination and his right not to be compelled
to give evidence or to testify; (3) violated appellant's right to due course of law by requiring
appellant to choose between his right to raise a defense and his right not to be compelled to give
evidence; and (4) violated appellant's rights to confrontation and cross-examination. The
sufficiency of the evidence to sustain the conviction is not challenged nor does appellant contend
that the trial court erred in overruling his motion for an instructed verdict. See Madden v. State,
799 S.W.2d 683, 686 n.3 (Tex. Crim. App. 1990).

 Appellant makes clear that his contentions on appeal are based solely on an
independent construction of constitutional rights under the Texas Constitution in three areas: right
to due course of law under article I, section 19; the confrontation clause of article I, section 10;
and the self-incrimination clause of article I, section 10. Appellant relies upon these provisions
contending that they are broader than their federal constitutional counterparts. Underlying all of
appellant's arguments is the fact that the complainant did not testify at trial.

 An examination of the record reveals that appellant has not preserved his points of
error for review. In order to preserve error for the purpose of appeal, a party must present a
timely request, objection, or motion to the trial court stating specific grounds for the requested
ruling unless the grounds are apparent from the context, and must obtain a ruling thereon. Tex.
R. App. P. 52(a); Boyd v. State, 811 S.W.2d 105, 113 (Tex. Crim. App.), cert. denied, 112 S.
Ct. 448 (1991); McCray v. State, 861 S.W.2d 405, 408 (Tex. App.--Dallas 1993, no pet.); Lawson
v. State, 854 S.W.2d 234, 239 (Tex. App.--Austin 1992, pet. ref'd). The contemporaneous
objection rule requires that the objection be presented to the trial court to provide that court with
an opportunity to prevent any error. Rhett v. State, 839 S.W.2d 93, 94 (Tex. Crim. App. 1992). 
Thus, as a general rule, reviewing courts will not consider errors, even those of constitutional
magnitude, not called to the trial court's attention. State v. Nolan, 808 S.W.2d 556, 559 (Tex.
App.--Austin 1991, no pet.).

 Appellant has not directed our attention to any place in the appellate record where
the contentions now advanced on appeal were presented to the trial court and rulings obtained. 
No references to record page numbers are found in appellant's brief. See Tex. R. App. P. 74(d),
(f). While briefing rules are to be liberally construed, Tex. R. App. P. 74(p), the failure to point
out where the complained-of subject matter is to be found in the record may result in the
reviewing court's refusal to address the points of error. Castillo v. State, 810 S.W.2d 180, 182
n.1 (Tex. Crim. App. 1990). Our search of the record fails to reveal that the errors complained
of were properly preserved for review. Appellant has made no claim of an exception to rule
52(a). The record does not reflect that appellant ever indicated his desire to use the victim's
testimony at trial. No motion for continuance was filed. The State's subpoena for Harry
Dimmick, the alleged victim, was unserved. The return on the subpoena reflected that Dimmick
was no longer residing at the Salvation Army Center for the homeless in Austin. The instant
conviction resulted from the second trial upon the assault charge. Two weeks earlier the first trial
had resulted in a mistrial because the jurors were unable to agree on a verdict. The victim did
not testify at the first trial. Appellant should have been aware that the prosecution was prepared
to try its case without the testimony of the victim. 

 With regard to the preservation of error, the State candidly notes that appellant
made a motion for an instructed verdict of acquittal or "not guilty." In such oral motion,
appellant's trial counsel argued that the evidence was insufficient to sustain the conviction. She
then added: "And finally, we would urge, Your Honor, that the failure of the State to have the
victim come into court to testify violates my client's right to confrontation under the United States
Constitution and the Texas Constitution, as well as his rights to due process in court protection
[sic]." (2) The motion was overruled.

 The motion for an instructed verdict sought an acquittal. As noted earlier,
appellant has not challenged the sufficiency of the evidence to support the conviction and has not
complained that the trial court erred in overruling his motion for an instructed verdict. Appellant
does not now seek to have the judgment set aside and an acquittal ordered, but prays that the
conviction be reversed and the cause remanded "to the trial court for a new trial" because certain
of his state constitutional rights were violated during trial. A trial objection or motion stating one
legal basis may not be used to support a different legal theory on appeal. Rejac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). Appellant, of course, has not relied upon the ruling
on the instructed verdict motion to claim the preservation of error. In fact, appellant has ignored
the State's claim that the alleged errors were not preserved for review.

 We do not find that appellant's points of error have been preserved for review. If
it can be validly argued otherwise, or claimed that the contentions are properly before this Court
for review for any reason, we shall consider the contentions advanced, but not in numerical order.

 In point of error four, appellant urges that his right to confrontation and cross-examination under article I, section 10 of the Texas Constitution was violated by the State's
decision not to call the complainant as a witness. Normally, the State is not required to produce
every conceivable witness with knowledge of the case. Gonzales v. State, 466 S.W.2d 772, 774
(Tex. Crim. App. 1974); Holman v. State, 474 S.W.2d 247, 249 (Tex. Crim. App. 1971);
Aguilar v. State, 468 S.W.2d 75, 78 (Tex. Crim. App. 1971); Escamilla v. State, 464 S.W.2d
840, 841 (Tex. Crim. App. 1971); Hudson v. State, 642 S.W.2d 562, 564 (Tex. App.--Fort Worth
1982, pet. ref'd). The State need only prove the defendant's guilt beyond a reasonable doubt. 
Escamilla, 464 S.W.2d at 841; Hudson, 642 S.W.2d at 564. The State has a right to prove its
case in any way it may see fit under proper rules and regulations, and a defendant cannot direct
either the method or manner of proof. Johns v. State, 236 S.W.2d 820, 822 (Tex. Crim. App.
1951). Thus, the State cannot be forced to introduce any particular evidence in making proof of
its case. Bowers v. State, 398 S.W.2d 279, 281 (Tex. Crim. App. 1986); see also Hanes v. State,
341 S.W.2d 428, 430 (Tex. Crim. App. 1961).

 An accused's right to be confronted by the "witnesses against him" speaks to the
right of confrontation that a defendant enjoys, not to the state's burden of production or the
number of witnesses required for conviction. Carter v. State, 702 S.W.2d 774, 778 (Tex.
App.--Fort Worth 1986, pet. ref'd) (interpreting the language of article 1.05 of the Texas Code
of Criminal Procedure which is the same language used in article I, section 10 of the Texas
Constitution). In Chavez v. State, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974), the court held
that an accused is not denied his right to confront and cross-examine a witness against him when
the complainant does not appear and testify at trial and none of his testimony, if previously
recorded, is introduced by the State. Accord White v. State, 647 S.W.2d 71, 74 (Tex. App.--Tyler
1983, no pet.). In McAllister v. Brown, 555 F.2d 1277 (5th Cir. 1977), the court was confronted
with a claim of a denial of the right of confrontation, albeit on federal constitutional grounds. 
There the court states: "A confrontation clause claim on the facts of this case begs the question. 
That is, the informant -- unless called -- cannot be termed a `witness' against the defendant." Id.
at 1278.

 In the instant case, the victim of the alleged crime was not present at trial, did not
testify, and any testimony previously recorded was not introduced. Appellant was not denied his
right of confrontation and cross-examination under article I, section 10 of the Texas Constitution. 
Point of error four is overruled if preserved for review.

 In point of error two, appellant contends his right to the due course of law was
violated by the State's decision not to call the complainant as a witness because it caused him to
choose between his right of confrontation and his right not to be compelled to give evidence or
testify. As we have seen, appellant was not denied his right to confrontation. He was not
required to choose between two rights. Moreover, appellant did not testify nor did he call
witnesses. The contention is without merit. Point of error two is overruled if preserved for
review.

 In his first point of error, appellant complains that the "State's decision not to call
the complainant" or victim shifted the burden of proof on the issue of self-defense to appellant in
violation of constitutional and statutory provisions. See Tex. Const. art. I, § 19; Tex. Penal Code
Ann. § 2.03 (West 1974).

 The defendant has the burden of producing (going forward with) sufficient evidence
to raise the issue of self-defense. Tex. Penal Code Ann. § 9.31 (West 1974); Russell v. State, 834
S.W.2d 79, 81 (Tex. App.--Dallas 1992, pet. ref'd). The State has the burden of persuasion in
disproving evidence of self-defense. Saxton v. State, 804 S.W.2d 910, 913-14 (Tex. Crim. App.
1991); Russell, 834 S.W.2d at 81. The prosecution is not required, however, to affirmatively
produce evidence to refute the self-defense claim, but to prove its case beyond a reasonable doubt. 
Saxton, 804 S.W.2d at 913; McCray v. State, 861 S.W.2d 405, 407 (Tex. App.--Dallas 1993, no
pet.); Valdez v. State, 841 S.W.2d 41, 43 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd).

 For defenses that are not specifically defined as affirmative defenses in our penal
code, the foregoing burden of production and burden of persuasion prevails. Moss v. State, 704
S.W.2d 939, 940 (Tex. App.--Austin 1986, pet. ref'd). The burden of persuasion, however, is
not required of the State where an affirmative defense is raised. Id. at 940. Section 2.04 of the
Texas Penal Code provides in part:



(a) An affirmative defense in this code is so labeled by the phrase: "It is an
affirmative defense to prosecution . . . ."


(c) The issue of the existence of an affirmative defense is not submitted to the
jury unless evidence is admitted supporting the defense.


(d) If the issue of the existence of an affirmative defense is submitted to the jury,
the court shall charge that the defendant must prove the affirmative defense
by a preponderance of evidence.



Tex. Penal Code Ann. § 2.04 (West 1974). (emphasis added).

 Appellant acknowledges that the foregoing provisions place upon a defendant the
burden of raising and proving an affirmative defense. He then presents the novel argument that
when the State knows from a pretrial investigation or otherwise that there is evidence which raises
a defensive issue, it may transform a "defense" (section 2.03) into an "affirmative defense"
(section 2.04) simply by not calling the complainant or victim of the alleged crime. This, he
claims, allows the prosecutor to shift the burden to the defense "merely by failing to call a witness
(or witnesses) whose testimony would raise a defense." Appellant contends that this action
permits the State to "transmogrify a defense into an affirmative defense" and relieve itself of the
burden of persuasion. Appellant cites no authority for his contention and his argument is not
persuasive. How would his argument apply in a murder case when the prosecution is unable to
call the victim as a witness?

 Appellant speculates that if the assault victim in the instant case had been called as
a State's witness, then on cross-examination it might have been possible to determine whether the
defense of self-defense existed, and the failure to call the victim as a witness denied him the
opportunity to raise a legal defense through cross-examination.

 The self-defense justification may be raised by the testimony of witnesses other than
the defendant and the victim. State v. Morales, 844 S.W.2d 885, 892 (Tex. App.--Austin 1992,
no pet.). Interestingly enough, the issue of self-defense was raised in the instant case by a State's
witness, Officer Dennis Kelly, who quoted remarks made to him by appellant. The trial court
then properly charged the jury on the issue of self-defense and instructed the jury to acquit if it
found appellant had acted in self-defense or had a reasonable doubt thereof. The charge properly
placed the burden of persuasion on the State and instructed the jury on reasonable doubt and the
presumption of innocence. See Stone v. State, 751 S.W.2d 579, 587 (Tex. App.--Houston [14th
Dist.] 1988, pet. ref'd). Appellant has neglected to tell us that the issue was in fact raised and that
a jury instruction was given. Point of error one has no merit. It is overruled if preserved for
review.

 In point of error three, appellant argues that his right to the due course of the law
was violated by the State's decision not to call the complainant as a witness because it required
him to choose between his right or privilege against self-incrimination and his right to raise a
defense. Appellant argues: "An accused has a right to present a defense. See Tex. Penal Code
Chs. 8 and 9 (1974). An accused also has a right not to be compelled to give evidence against
himself. See article I, § 10 of the Texas Constitution."

 Appellant does not tell us what defense he claims he was unable to raise in the
instant case. If appellant refers to self-defense, that issue was raised. Appellant merely asserts
that because the complainant did not testify, any defense that could have been raised would have
had to be raised through the procedure "contemplated by the statute to be used for affirmative
defenses," casting a greater burden on him. (3) Appellant argues, without citation of authority, that
raising any defense under such "scenario" meant that he had to forfeit his privilege against self-incrimination. Appellant contends that he "was forced to exercise one right in exchange for
another." We do not find that appellant raised or sought to raise "any defense" except self-defense, or that he testified or called witnesses. The contention is without merit. Point of error
three is overruled if preserved for review.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: August 31, 1994

Publish


























* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988). 

1.   Tex. Penal Code Ann. § 2.03 (West 1974).
2.   The motion was silent as to any claim that appellant's privilege against self-incrimination was violated.
3.   See discussion under point of error one.