Paul BOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38872.

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Rehearing Denied Feb. 9, 1966.

————◆————

Orville A. Harlan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and R. W. Hope, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for the unlawful possession of paregoric, a narcotic drug; and his punishment was assessed at two years.

Officers Geffert and Hightower testified that about 3 P. M., October 15, they saw the appellant enter the lobby of an apartment house carrying a brown paper sack which he placed under a couch in the lobby and then run upstairs. Officer Geffert pursued and apprehended the appellant in the bathroom upstairs. Officer Hightower immediately investigated the brown paper sack that the appellant placed under the couch, and found four pint bottles in the sack which contained a brown liquid.

Chemist Crawford testified that he made an analysis of the liquid content of the four pint bottles, and that such analysis showed that said bottles contained 800 milliliters of paregoric, and that paregoric contains from 35 to 40 milligrams of morphine per 100 milliliters of liquid, and that paregoric is a narcotic drug.

The appellant did not testify or offer any evidence before the jury.

■ The appellant's sole contention relied on for reversal is that the trial court allowed the state to abandon the search warrant which authorized the search and his subsequent arrest, on the ground that both were illegal because the search warrant was void.

In support of his contention, the appellant relied upon the return of a search warrant issued October 15, on an affidavit signed by Officers Chavez and Farrar describing and directed to apartment No. 7 in a two-story frame building. The officers' return thereon shows that it came to hand at 2:20 P. M., October 15, and was executed at 2:30 P. M., October 15. The return made by Officers Chavez and Farrar shows that they found four pints of paregoric and a quantity of narcotic paraphernalia. Therefore the appellant insists that the state is bound by the return on the warrant showing its execution.

The state announced during the trial that it did not rely on the results of the execution of the search warrant to support the admission of the evidence showing appellant's possession of the paregoric as alleged. It was not introduced in evidence by the state, but brought forward in the record by the appellant to support his contention that it could not be abandoned by the state.

The testimony of Officers Geffert and Hightower was sufficient to show the possession by the appellant of the four pint bottles in the brown paper sack he placed under the couch in the lobby, and which contained, according to the testimony of the chemist, 800 milliliters of paregoric. Under their testimony the four pint bottles were not obtained as a result of the search of the upstairs apartment No. 7 in the multi-apartment complex.

The paregoric was not obtained in a search of the premises described in the search warrant but was lawfully recovered in the place where appellant was seen to place it.

■ The evidence having been lawfully obtained, evidence offered by the defense consisting of a search warrant and return thereon did not render such evidence inadmissible.

The state cannot be forced to introduce any particular evidence in making the proof of its case. 56 Tex.Jur. (2) 477, Sec. 129.

The evidence is sufficient to sustain the conviction.

The judgment is affirmed.

Opinion approved by the Court.