Ellie SHELVIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–92–483–CR.

Court of Appeals of Texas,
Austin.

Aug. 31, 1994.

Keith S. Hampton, Austin, for appellant.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for appellee.

Before JONES, KIDD and ONION,* JJ.

ONION, Presiding Justice (Retired).

This appeal is taken from a conviction for assault causing bodily injury, a class "A" misdemeanor. *See* Tex.Penal Code Ann. § 22.01(a)(1) (West 1989). After the jury found appellant guilty, the trial court assessed punishment at confinement in the county jail for one year.

Appellant advances four points of error. He contends that the State's decision not to call the complainant as a witness (1) shifted the burden of proof on the issue of self-defense to appellant in violation of section 2.03 of the Texas Penal Code [1] and article I, section 19 of the Texas Constitution; (2) violated appellant's right to due course of law by requiring appellant to choose between his rights to confrontation and cross-examination and his right not to be compelled to give evidence or to testify; (3) violated appellant's right to due course of law by requiring appellant to choose between his right to raise a defense and his right not to be compelled to give evidence; and (4) violated appellant's rights to confrontation and cross-examination. The sufficiency of the evidence to sustain the conviction is not challenged nor does appellant contend that the trial court erred in overruling his motion for an instructed

* Before John F. Onion, Jr., Presiding Justice (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1988).

1. Tex.Penal Code Ann. § 2.03 (West 1974).

verdict. *See Madden v. State,* 799 S.W.2d 683, 686 n. 3 (Tex.Crim.App.1990).

Appellant makes clear that his contentions on appeal are based solely on an independent construction of constitutional rights under the Texas Constitution in three areas: right to due course of law under article I, section 19; the confrontation clause of article I, section 10; and the self-incrimination clause of article I, section 10. Appellant relies upon these provisions contending that they are broader than their federal constitutional counterparts. Underlying all of appellant's arguments is the fact that the complainant did not testify at trial.

■■■ An examination of the record reveals that appellant has not preserved his points of error for review. In order to preserve error for the purpose of appeal, a party must present a timely request, objection, or motion to the trial court stating specific grounds for the requested ruling unless the grounds are apparent from the context, and must obtain a ruling thereon. Tex.R.App.P. 52(a); *Boyd v. State,* 811 S.W.2d 105, 113 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991); *McCray v. State,* 861 S.W.2d 405, 408 (Tex. App.—Dallas 1993, no pet.); *Lawson v. State,* 854 S.W.2d 234, 239 (Tex.App.—Austin 1992, pet. ref'd). The contemporaneous objection rule requires that the objection be presented to the trial court to provide that court with an opportunity to prevent any error. *Rhett v. State,* 839 S.W.2d 93, 94 (Tex.Crim.App.1992). Thus, as a general rule, reviewing courts will not consider errors, even those of constitutional magnitude, not called to the trial court's attention. *State v. Nolan,* 808 S.W.2d 556, 559 (Tex.App.—Austin 1991, no pet.).

Appellant has not directed our attention to any place in the appellate record where the contentions now advanced on appeal were presented to the trial court and rulings obtained. No references to record page numbers are found in appellant's brief. *See* Tex. R.App.P. 74(d), (f). While briefing rules are to be liberally construed, Tex.R.App.P. 74(p),

the failure to point out where the complained-of subject matter is to be found in the record may result in the reviewing court's refusal to address the points of error. *Castillo v. State,* 810 S.W.2d 180, 182 n. 1 (Tex.Crim.App.1990). Our search of the record fails to reveal that the errors complained of were properly preserved for review. Appellant has made no claim of an exception to rule 52(a). The record does not reflect that appellant ever indicated his desire to use the victim's testimony at trial. No motion for continuance was filed. The State's subpoena for Harry Dimmick, the alleged victim, was unserved. The return on the subpoena reflected that Dimmick was no longer residing at the Salvation Army Center for the homeless in Austin. The instant conviction resulted from the second trial upon the assault charge. Two weeks earlier the first trial had resulted in a mistrial because the jurors were unable to agree on a verdict. The victim did not testify at the first trial. Appellant should have been aware that the prosecution was prepared to try its case without the testimony of the victim.

With regard to the preservation of error, the State candidly notes that appellant made a motion for an instructed verdict of acquittal or "not guilty." In such oral motion, appellant's trial counsel argued that the evidence was insufficient to sustain the conviction. She then added: "And finally, we would urge, Your Honor, that the failure of the State to have the victim come into court to testify violates my client's right to confrontation under the United States Constitution and the Texas Constitution, as well as his rights to due process in court protection [sic]." [2] The motion was overruled.

■■■ The motion for an instructed verdict sought an acquittal. As noted earlier, appellant has not challenged the sufficiency of the evidence to support the conviction and has not complained that the trial court erred in overruling his motion for an instructed verdict. Appellant does not now seek to have the judgment set aside and an acquittal or-

---

2. The motion was silent as to any claim that appellant's privilege against self-incrimination was violated.

dered, but prays that the conviction be reversed and the cause remanded "to the trial court for a new trial" because certain of his state constitutional rights were violated during trial. A trial objection or motion stating one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990). Appellant, of course, has not relied upon the ruling on the instructed verdict motion to claim the preservation of error. In fact, appellant has ignored the State's claim that the alleged errors were not preserved for review.

■ We do not find that appellant's points of error have been preserved for review. If it can be validly argued otherwise, or claimed that the contentions are properly before this Court for review for any reason, we shall consider the contentions advanced, but not in numerical order.

■ In point of error four, appellant urges that his right to confrontation and cross-examination under article I, section 10 of the Texas Constitution was violated by the State's decision not to call the complainant as a witness. Normally, the State is not required to produce every conceivable witness with knowledge of the case. *Gonzales v. State*, 466 S.W.2d 772, 774 (Tex.Crim.App. 1974); *Holman v. State*, 474 S.W.2d 247, 249 (Tex.Crim.App.1971); *Aguilar v. State*, 468 S.W.2d 75, 78 (Tex.Crim.App.1971); *Escamilla v. State*, 464 S.W.2d 840, 841 (Tex.Crim. App.1971); *Hudson v. State*, 642 S.W.2d 562, 564 (Tex.App.—Fort Worth 1982, pet. ref'd). The State need only prove the defendant's guilt beyond a reasonable doubt. *Escamilla*, 464 S.W.2d at 841; *Hudson*, 642 S.W.2d at 564. The State has a right to prove its case in any way it may see fit under proper rules and regulations, and a defendant cannot direct either the method or manner of proof. *Johns v. State*, 155 Tex.Crim. 503, 236 S.W.2d 820, 822 (1951). Thus, the State cannot be forced to introduce any particular evidence in making proof of its case. *Bowers v. State*, 398 S.W.2d 279, 281 (Tex.Crim.App. 1986); *see also Hanes v. State*, 170 Tex.Crim. 394, 341 S.W.2d 428, 430 (1961).

■ An accused's right to be confronted by the "witnesses against him" speaks to the right of confrontation that a defendant enjoys, not to the state's burden of production or the number of witnesses required for conviction. *Carter v. State*, 702 S.W.2d 774, 778 (Tex.App.—Fort Worth 1986, pet. ref'd) (interpreting the language of article 1.05 of the Texas Code of Criminal Procedure which is the same language used in article I, section 10 of the Texas Constitution). In *Chavez v. State*, 508 S.W.2d 384, 386 (Tex.Crim.App. 1974), the court held that an accused is not denied his right to confront and cross-examine a witness against him when the complainant does not appear and testify at trial and none of his testimony, if previously recorded, is introduced by the State. *Accord White v. State*, 647 S.W.2d 71, 74 (Tex.App.—Tyler 1983, no pet.). In *McAllister v. Brown*, 555 F.2d 1277 (5th Cir.1977), the court was confronted with a claim of a denial of the right of confrontation, albeit on federal constitutional grounds. There the court states: "A confrontation clause claim on the facts of this case begs the question. That is, the informant—unless called—cannot be termed a 'witness' against the defendant." *Id.* at 1278.

■ In the instant case, the victim of the alleged crime was not present at trial, did not testify, and any testimony previously recorded was not introduced. Appellant was not denied his right of confrontation and cross-examination under article I, section 10 of the Texas Constitution. Point of error four is overruled if preserved for review.

■ In point of error two, appellant contends his right to the due course of law was violated by the State's decision not to call the complainant as a witness because it caused him to choose between his right of confrontation and his right not to be compelled to give evidence or testify. As we have seen, appellant was not denied his right to confrontation. He was not required to choose between two rights. Moreover, appellant did not testify nor did he call witnesses. The contention is without merit. Point of error two is overruled if preserved for review.

In his first point of error, appellant complains that the "State's decision not to call the complainant" or victim shifted the burden

of proof on the issue of self-defense to appellant in violation of constitutional and statutory provisions. *See* Tex. Const. art. I, § 19; Tex.Penal Code Ann. § 2.03 (West 1974).

The defendant has the burden of producing (going forward with) sufficient evidence to raise the issue of self-defense. Tex.Penal Code Ann. § 9.31 (West 1974); *Russell v. State,* 834 S.W.2d 79, 81 (Tex. App.—Dallas 1992, pet. ref'd). The State has the burden of persuasion in disproving evidence of self-defense. *Saxton v. State,* 804 S.W.2d 910, 913–14 (Tex.Crim.App.1991); *Russell,* 834 S.W.2d at 81. The prosecution is not required, however, to affirmatively produce evidence to refute the self-defense claim, but to prove its case beyond a reasonable doubt. *Saxton,* 804 S.W.2d at 913; *McCray v. State,* 861 S.W.2d 405, 407 (Tex. App.—Dallas 1993, no pet.); *Valdez v. State,* 841 S.W.2d 41, 43 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd).

For defenses that are not specifically defined as affirmative defenses in our penal code, the foregoing burden of production and burden of persuasion prevails. *Moss v. State,* 704 S.W.2d 939, 940 (Tex. App.—Austin 1986, pet. ref'd). The burden of persuasion, however, is not required of the State where an affirmative defense is raised. *Id.* at 940. Section 2.04 of the Texas Penal Code provides in part:

(a) An affirmative defense in this code is so labeled by the phrase: "It is an affirmative defense to prosecution...."

(c) The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of an affirmative defense is submitted to the jury, *the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence.*

Tex.Penal Code Ann. § 2.04 (West 1974). (emphasis added).

Appellant acknowledges that the foregoing provisions place upon a defendant the burden of raising and proving an affirmative defense. He then presents the novel argument that when the State knows from a pretrial investigation or otherwise that there is evidence which raises a defensive issue, it may transform a "defense" (section 2.03) into an "affirmative defense" (section 2.04) simply by not calling the complainant or victim of the alleged crime. This, he claims, allows the prosecutor to shift the burden to the defense "merely by failing to call a witness (or witnesses) whose testimony would raise a defense." Appellant contends that this action permits the State to "transmogrify a defense into an affirmative defense" and relieve itself of the burden of persuasion. Appellant cites no authority for his contention and his argument is not persuasive. How would his argument apply in a murder case when the prosecution is unable to call the victim as a witness?

Appellant speculates that if the assault victim in the instant case had been called as a State's witness, then on cross-examination it might have been possible to determine whether the defense of self-defense existed, and the failure to call the victim as a witness denied him the opportunity to raise a legal defense through cross-examination.

The self-defense justification may be raised by the testimony of witnesses other than the defendant and the victim. *State v. Morales,* 844 S.W.2d 885, 892 (Tex.App.— Austin 1992, no pet.). Interestingly enough, the issue of self-defense was raised in the instant case by a State's witness, Officer Dennis Kelly, who quoted remarks made to him by appellant. The trial court then properly charged the jury on the issue of self-defense and instructed the jury to acquit if it found appellant had acted in self-defense or had a reasonable doubt thereof. The charge properly placed the burden of persuasion on the State and instructed the jury on reasonable doubt and the presumption of innocence. *See Stone v. State,* 751 S.W.2d 579, 587 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). Appellant has neglected to tell us that the issue was in fact raised and that a jury instruction was given. Point of error one has no merit. It is overruled if preserved for review.

In point of error three, appellant argues that his right to the due course of the law

was violated by the State's decision not to call the complainant as a witness because it required him to choose between his right or privilege against self-incrimination and his right to raise a defense. Appellant argues: "An accused has a right to present a defense. *See* Tex.Penal Code Chs. 8 and 9 (1974). An accused also has a right not to be compelled to give evidence against himself. *See* article I, § 10 of the Texas Constitution."

Appellant does not tell us what defense he claims he was unable to raise in the instant case. If appellant refers to self-defense, that issue was raised. Appellant merely asserts that because the complainant did not testify, any defense that could have been raised would have had to be raised through the procedure "contemplated by the statute to be used for affirmative defenses," casting a greater burden on him.[3] Appellant argues, without citation of authority, that raising any defense under such "scenario" meant that he had to forfeit his privilege against self-incrimination. Appellant contends that he "was forced to exercise one right in exchange for another." We do not find that appellant raised or sought to raise "any defense" except self-defense, or that he testified or called witnesses. The contention is without merit. Point of error three is overruled if preserved for review.

The judgment is affirmed.

---

**3.** *See* discussion under point of error one.