TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00312-CR







Clark F. Williams, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-155, HONORABLE JACK ROBISON, JUDGE PRESIDING










PER CURIAM


 A jury found appellant, Clark Williams, guilty of attempting to murder his wife by choking
her with a television cable cord. See Tex. Penal Code Ann. §§19.02, 15.01 (West 1994). (1) The trial court
assessed appellant's punishment at eight years' imprisonment. Appellant raises two points of error
contending that the trial court erred by granting the State's motion for mistrial. Appellant does not challenge
the sufficiency of the evidence. We will affirm the trial court's judgment of conviction.


Procedural Background


 During jury selection on August 8, 1995, appellant used three peremptory challenges
against female jury panel members. After the twelve jury members were selected but before they were
sworn, the State raised a timely objection arguing that appellant had exercised his peremptory challenges
in a purposefully gender-based discriminatory manner. U.S. Const. amends. V, XIV; see J.E.B. v.
Alabama, 511 U.S. 127 (1994) (federal equal protection clause prohibits use of peremptory strikes in
gender discriminatory manner); Georgia v. McCollum, 505 U.S. 42 (1992) (equal protection clause
prohibits defendant's use of peremptory strikes in discriminatory manner); Batson v. Kentucky, 476 U.S.
79 (1986) (equal protection clause prohibits State's use of peremptory strikes in racially discriminatory
manner). The trial court asked the twelve people seated as jurors and the three women peremptorily struck
to return the next morning and dismissed the remainder of the jury panel.

 The trial court held a hearing regarding the State's equal protection claim. The State made
a prima facie case of gender-based discrimination regarding the peremptory strikes used by appellant
against the three women. One of appellant's attorneys took the stand and, rather than offering a gender-neutral reason for striking the three women, testified that he exercised the strikes against the women only
because they were women. The State requested a mistrial and asked for a new jury panel. The State also
requested that the court set the trial for a date after September 1, 1995. The State claimed that after
September 1, 1995, a new statutory provision would be effective whereby the victim would be required
to testify and could no longer raise spousal immunity to keep from testifying against appellant. See Tex.
Code Crim. Proc. Ann. art. 38.10 (West Supp. 1997). Appellant suggested that, instead of a mistrial and
postponement, the court replace the last three designated jurors with the three women who were struck
because of gender. The trial court granted a mistrial.


Points of Error


 By point of error one, appellant contends that the trial court abused its discretion by
declaring a mistrial. Appellant contends that the trial court should have seated the three women
peremptorily struck on the jury replacing the last three people seated on the jury. By point of error two,
appellant contends that the trial court's decision to declare a mistrial resulted in denying him the use of the
spousal privilege.

 The State argues that appellant waived his points of error and did not preserve his
arguments for appellate review. Tex. R. App. P. 52(a). We agree.


Discussion


 At the hearing, the following exchange occurred after appellant's attorney testified that he
struck the three women solely because of gender:


The Court: All right. What does the State propose, putting those three on the jury?


State's Attorney: The case I would like to argue requests a mistrial since the panel has
been discharged.


Appellant's Attorney: I believe the case law is that is one alternative that the Court
has. The other alternative is to put the three injured persons on the jury, which I think
would, in effect, knock off the last three named persons on the jury. I believe the Court
has discretion to do that. 


* * * * * *



The Court: Anything further?


Appellant's Attorney: Nothing.


State's Attorney: No, Your, Honor.


The Court: And the State's requesting a mistrial?


State's Attorney: I am.


The Court: The motion is granted. Will you bring the jury in. 



Following this exchange, the panel was dismissed without objection by appellant's attorney. It is
fundamental that a timely objection must be urged at the first opportunity in order to preserve error for
review. Shelvin v. State, 884 S.W.2d 874, 876 (Tex. App.--Austin 1994, pet. ref'd) (citing Boyd v.
State, 811 S.W.2d 105, 113 (Tex. Crim. App.), cert. denied, 502 U.S. 971 (1991)); Tex. R. App. R.
52(a). When an objection is made it must identify what is objected to and set forth grounds for the
objection. Shelvin, 884 S.W.2d at 876. 

 Contrary to his contention on appeal that the trial court abused its discretion by declaring
a mistrial, at trial, appellant stated that he believed it was within the trial court's discretion to dismiss the jury
panel and call a new panel. In reviewing the record, we note that appellant suggested that the trial court
replace the last three jurors selected with the stricken jurors rather than lodging an objection with the trial
court regarding its decision to dismiss the panel. Additionally, when the trial court dismissed the panel and
declared a mistrial, appellant did not object to the trial court's ruling. We conclude that appellant did not
make a specific, timely objection before the trial court, and therefore, did not preserve his points of error
for appellate review. 

 Even if appellant had properly preserved his points of error, we note that the Batson court
did not prescribe a particular remedy that trial courts must use upon finding that peremptory challenges have
been used in a discriminatory manner. Batson, 476 U.S. at 99. Rather, the Batson court left open to the
trial court's discretion how best to implement its holding. State ex rel. Curry v. Bowman, 885 S.W.2d
421, 425 (Tex. Crim. App. 1993). The Bowman court determined that reinstating the excluded panel
members to the jury was a remedy consistent with the Batson court's intentions. Id. Additionally, the
Code of Criminal Procedure provides that if the trial court determines that prospective jurors have been
struck on the basis of race, the court shall call a new jury panel. Tex. Code Crim. Proc. Ann. art.
35.261(b) (West 1989). 

 Appellant cites no authority nor have we found a case holding that a trial court abuses its
discretion by declaring a mistrial upon finding that peremptory strikes were used in a discriminatory manner. 
We hold that, even if appellant had properly preserved his points of error, the trial court did not abuse its
discretion when it declared a mistrial upon finding that appellant used his peremptory strikes in a
discriminatory manner. By declaring a mistrial, the trial court chose a remedy that eliminated the group of
jurors directly associated with the gender-based discrimination exercised by appellant and returned the
parties to their original positions with a new panel. Butler v. State, 872 S.W.2d 227 (Tex. Crim. App.
1994). We overrule point of error one. 

 By point of error two, appellant contends that the trial court erred by declaring a mistrial
because by doing so it denied him the use of the defensive tactic available under former Texas Rule of
Criminal Evidence 504(2)(b)(1), whereby his spouse, the victim, could invoke the marital privilege and
refuse to testify for the State against appellant. See Act of May 1, 1995, 74th Leg., R.S., ch. 67, §§ 6 &
7, 1995 Tex. Gen. Laws 447 (disapproving of Tex. R. Crim. Evid. 504(2)(b)(1)). Effective September
1, 1995, the privilege of a defendant's spouse not to testify as a witness for the State does not apply in any
proceeding in which the defendant is alleged to have committed a crime against the spouse. Tex. Code
Crim. Proc. Ann. art. 38.10 (West Supp. 1997). As we concluded under point of error one, appellant did
not raise this contention before the trial court by a timely, specific objection. Consequently, appellant did
not properly preserve his second point of error for appellate review. Tex. R. App. P. 52(a).

 Except for appellant's discriminatory use of peremptory strikes, the trial would have
occurred before the effective date of the rule change, September 1, 1995. While the State asked the trial
court to reset the trial for a date after September 1, 1995, there is no indication in the record that the trial
court delayed resetting the trial to give the State an advantage regarding a change in the rules of criminal
procedure. We overrule point of error two.


Conclusion


 We affirm the judgment of conviction.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 24, 1997

Do Not Publish

1.   This offense was allegedly committed before September 1, 1994, and is governed by the law in effect
at that time. Penal Code, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 963. Because the
Code amendments effective September 1, 1994, have no substantial effect on this offense, the current code
is cited for convenience.


cord, we note that appellant suggested that the trial court
replace the last three jurors selected with the stricken jurors rather than lodging an objection with the trial
court regarding its decision to dismiss the panel. Additionally, when the trial court dismissed the panel and
declared a mistrial, appellant did not object to the trial court's ruling. We conclude that appellant did not
make a specific, timely objection before the trial court, and therefore, did not preserve his points of error
for appellate review. 

 Even if appellant had properly preserved his po