TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00692-CR







Kevin Fitzpatrick, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 496,552, HONORABLE CLAUDE D. DAVIS, JUDGE PRESIDING






 After appellant Kevin Fitzpatrick waived a jury trial, the court found him guilty of
assault and assessed punishment at confinement in county jail for forty-five days. See Tex. Penal
Code Ann. § 22.01(a)(1) (West 1994). Appellant raises one issue challenging the legal sufficiency
of the evidence to support his conviction. We will affirm the conviction.


Background


 On December 31, 1997, appellant and his wife, Michelle Fitzpatrick, went out to
celebrate the new year. In the early morning hours of January 1, 1998, they received a phone call
from their babysitter asking them to return home because their three-year-old son was ill. Not
long after they returned and while the babysitter was still at the house, appellant told Michelle he
was going to return to the bar where they had been celebrating. Michelle became upset and the
two argued. As appellant went outside to leave, Michelle followed him. At trial, the witnesses
presented different versions of what occurred before appellant drove away from the house.

 Michael Morton, a deputy with the Travis County Sheriff's Office, testified that
on January 1 at about 3:15 a.m., he and a female deputy responded to a call from Michelle. 
When they arrived at the Fitzpatrick home, Michelle was upset and crying and the babysitter was
present; appellant was not at the house. Michelle told Morton that appellant assaulted her by
hitting her with his hand causing bruises on her face and scratches on her chest. The babysitter
also told Morton that she saw appellant assault Michelle. Because Michelle told Morton that
appellant hit her, Morton had EMS attendants who were also at the Fitzpatricks' take photographs
of Michelle's injuries. The photographs were admitted at trial. 

 Michelle's version was that she followed appellant outside and asked him not to
leave the house. She explained that "[I] slapped him and pushed him, and then he, you know,
pushed me back. And that's really about all I remember." She testified later that appellant
pushed against her chest and she fell to the ground. She called police after appellant drove away
because she was scared and did not know what appellant would do when he returned since she and
appellant had "never argued that bad before." She wanted the police to "just make him leave for
the night until he got sober." When questioned about what she told police that night, she could
not recall. Specifically, she could not recall telling police who hit whom first. She testified that
the EMS photographs accurately reflected her appearance the night of the incident. 


 The babysitter testified that she was in the house when Michelle and appellant
started arguing. She went to the door as appellant and Michelle went outside. She came back
inside when she heard screaming and yelling. After appellant drove away in his truck, Michelle
came back in the house crying and told her what happened. The babysitter, however, could not
recall what Michelle told her. She stated that she "probably" told police she saw appellant hit
Michelle. She definitely recalled telling police that appellant yelled at Michelle to "get up" after
she fell to the ground and that appellant then drove away in his truck. She never saw Michelle
hit appellant. Additionally, the babysitter stated that the photographs taken that night by EMS
accurately reflected Michelle's appearance the night of the incident. 

 Appellant's version was that as he was getting into his truck, Michelle began
slapping him. In trying to get her away from him so that he could leave, he reacted and slapped
her on the side of the face. In trying to get her to step back so he could close the truck door, he
pushed her. He realized that he pushed her too hard and tried to stop her from falling by grabbing
her shirt. She nevertheless fell to the ground after which he told her to "get up." As he drove
away he heard Michelle say she was calling the police. Appellant also testified about their relative
sizes; he weighed about 280 pounds while Michelle weighed about 120 pounds. While Michelle
sustained bruises, scratches and cuts, appellant was uninjured. 


Discussion


 Appellant contends that the evidence raised the issue of self-defense because
initially Michelle hit him and she continued to hit him several times before he finally struck her
once ending the conflict. He contends that Michelle's use of force was unlawful and that he had
no alternative but to respond by hitting her. 

 One is justified in using force against another when and to the degree one
reasonably believes the force is immediately necessary for protection against the other's use or
attempted use of unlawful force. Tex. Penal Code Ann. § 9.31(a) (West 1994). A defendant has
the burden of producing sufficient evidence to raise the issue of self-defense. Saxton v. State, 804
S.W.2d 910, 913 (Tex. Crim. App. 1991); Shelvin v. State, 884 S.W.2d 874, 878 (Tex.
App.--Austin 1994, pet. ref'd). The State has the burden of proving assault beyond a reasonable
doubt and is not required to produce evidence refuting a self-defense claim. Saxton, 804 S.W.2d
at 913. Once raised, the issue of self-defense is a question to be determined by the fact finder.
Id. In reviewing the sufficiency of the evidence to support a criminal conviction, an
appellate court, after viewing all the evidence in the light most favorable to the verdict, determines
whether any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The trier
of fact, in this case the trial court, is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony and is free to accept or reject all or part of any witness's
testimony. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The fact finder may
draw reasonable inferences and make reasonable deductions from the evidence. Benavides v.
State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). In this case, the trial
court as the fact finder also reconciles any evidentiary conflicts. Miller v. State, 909 S.W.2d 586,
593 (Tex. App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim.
App. 1982)). 

 Based upon the standard of review, we determine whether, after viewing all the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of assault beyond a reasonable doubt and also could have found against
appellant on the self-defense issue beyond a reasonable doubt. Saxton, 804 S.W.2d at 914. 
Appellant contends that no rational trier of fact could have found against him on the issue of self-defense. We disagree.

 Appellant admitted he hit Michelle on the side of the face and pushed her with
excessive force causing her to fall. The photographs of Michelle's injuries were consistent with
this manner and means of assault. The babysitter and Michelle agreed that the photographs
accurately depicted Michelle's appearance shortly after the incident. Although Michelle testified
that she initially hit appellant and appellant testified that he acted in self-defense, the trial court
as fact finder was free to reject this testimony. Additionally, appellant's testimony about the
couple's size disparity and the lack of any injury to appellant supports a finding that appellant did
not reasonably believe the amount of force he used was immediately necessary to protect himself
from his wife. Appellant's sole issue is overruled.


Conclusion


 The judgment of conviction is affirmed. 



 


 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: September 23, 1999

Do Not Publish



YLE="font-family: CG Times Regular">
Discussion


 Appellant contends that the evidence raised the issue of self-defense because
initially Michelle hit him and she continued to hit him several times before he finally struck her
once ending the conflict. He contends that Michelle's use of force was unlawful and that he had
no alternative but to respond by hitting her. 

 One is justified in using force against another when and to the degree one
reasonably believes the force is immediately necessary for protection against the other's use or
attempted use of unlawful force. Tex. Penal Code Ann. § 9.31(a) (West 1994). A defendant has
the burden of producing sufficient evidence to raise the issue of self-defense. Saxton v. State, 804
S.W.2d 910, 913 (Tex. Crim. App. 1991); Shelvin v. State, 884 S.W.2d 874, 878 (Tex.
App.--Austin 1994, pet. ref'd). The State has the burden of proving assault beyond a reasonable
doubt and is not required to produce evidence refuting a self-defense claim. Saxton, 804 S.W.2d
at 913. Once raised, the issue of self-defense is a question to be determined by the fact finder.
Id. In reviewing the sufficiency of the evidence to support a criminal conviction, an
appellate court, after viewing all the evidence in the light most favorable to the verdict, determines
whether any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The trier
of fact, in this case the trial court, is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony and is free to accept or reject all or part of any witness's
testimony. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The fact finder may
draw reasonable inferences and make reasonable deductions from the evidence. Benavides v.
State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). In this case, the trial
court as the fact finder also reconciles any evidentiary conflicts. Miller v. State, 909 S.W.2d 586,
593 (Tex. App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim.
App. 1982)). 

 Based upon the standard of review, we determine whether, after viewing all the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of assault beyond a reasonable doubt and also could have found against
appellant on the self-defense issue beyond a reasonable doubt. Saxton, 804 S.W.2d at 914. 
Appellant contends that no rational trier of fact could have found against him on the issue of self-defense. We disagree.

 Appellant admitted he hit Michelle on the side of the face and pushed her with
excessive force causing her to fall. The photographs of Michelle's injuries were consistent with
this manner and means of assault. The babysitter and Michelle agreed that the photographs
accurately depicted Michelle's appearance shortly after the incident. Although Michelle testified
that she initially hit appellant and appellant testified that he acted in self-defense, the trial court
as fact finder was free to reject this testimony. Additionally, appellant's testimony about the
couple's size disparity and the lack of any injury to appellant supports a finding that appellant did
not reasonably believe the amount of f