NO. 07-99-0363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 8, 2000

______________________________

RONALD NORTON BERMEA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 80,983; HONORABLE PAMELA C. SIRMON, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Ronald Norton Bermea was convicted by a jury of assault and punishment was assessed at nine months confinement in the Potter County Jail and a fine of $1,000.  In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of her motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.), she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, she concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.

Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a 
pro se
 brief if he desires to do so.  Presenting 12 points of error, appellant filed a 
pro se 
brief. By letter, the State responded that appellant’s brief was not in compliance with Rule 38.1 of the Texas Rules of Appellate Procedure and that it agreed with appellate counsel’s evaluation that this appeal is frivolous and without merit.

A review of the facts shows that on June 20, 1998, Lynn Brown and his wife, Deborah Brown, were driving by when Mrs. Brown observed appellant standing outside a car hitting his girlfriend in the face and then dragging her out of the car by her hair.  The Browns turned around and stopped their van to assist her.  When appellant noticed the Browns, he stopped hitting the victim, headed toward the Browns’ van, and with his fists doubled up asked the Browns what they thought they could do.  Appellant then returned to his car and drove across a lot to his house, while his girlfriend got into the Browns’ van.  According to the Browns’ testimony, the victim’s mouth and nose were bleeding, and she was scared, trembling, and excited, and thanked the Browns for stopping to help.  The Browns reported the incident to the police.

Appellant, a truck driver, testified that he had left some money with his girlfriend so she could pay some bills while he was on the road.  Upon returning, he learned she was at his sister’s house and went to pick her up.  She had been drinking and was belligerent and hysterical and tried to jump out of the car during the ride home.  According to appellant, when he tried to pull her back in, she punched him in the mouth a few times and literally knocked his teeth down his throat.  Appellant admitted stopping his car, pulling her out of the car by her hair to try to find out where his money was, and slapping her.

By one arguable point of error, counsel contends the trial court abused its discretion by allowing the hearsay testimony of Officer Stephen Edwards concerning statements made by the victim.  However, counsel candidly concedes the trial court did not abuse its discretion in permitting the testimony pursuant to the “excited utterance” exception to the hearsay rule.  
See
 Tex. R. Evid. 803(2).

By his 
pro se
 brief, without any citations to authority and to the record, Tex. R. App. P. 38.1(h), appellant presents the following points of error: (1) he was denied the right to be tried by a jury of his peers because trial counsel failed, despite repeated requests, to shuffle the venire panel; (2) through (6) trial counsel was incompetent for failing to challenge specific jurors for cause; (7) he was denied the right to a fair trial because trial counsel failed to pursue facts stated by potential jurors which would have formed a basis to sustain challenges for cause; (8) he was denied his right to cross-examine the victim because the State failed to produce her; (9) Officer Stephen Edwards’s testimony was hearsay because the State failed to prove the “excited utterance” exception; (10) trial counsel was incompetent for failing to except to the trial court’s rulings on his objections; (11) a review of the record establishes trial counsel’s incompetence requiring reversal; and (12) he was tried twice for the same offense, resulting in double jeopardy.  For the following reasons we disagree with appellant’s contentions.

Because appellant’s first seven points of error and point of error eleven relate to claims of ineffective assistance of counsel, specifically during voir dire, we address them simultaneously.  To prove ineffective assistance of counsel, appellant must show (1) trial counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for trial counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App. 1986).  The most likely way to obtain a reversal for ineffective assistance of counsel during voir dire is by presenting evidence at a hearing on a motion for new trial.  McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex.App.--Houston [14
th
 Dist.] 1999, pet. ref’d).  Appellant did not file a motion for new trial nor request a hearing to present evidence to support his contention.  Thus, he is unable to demonstrate that trial counsel’s performance was deficient or that the result of the proceeding would have been different.  Moreover, appellant specifically complains on appeal that trial counsel failed to challenge specific members of the jury panel for cause; however, only one member of those complained of on the jury panel was seated on the jury.  Points of error one, two, three, four, five, six, seven and eleven are overruled.

By his eighth point of error, appellant contends he was denied the right to cross-examine the victim because the State failed to produce her as a witness, and by point of error nine, he complains that Officer Edwards’s testimony should have been excluded for being outside the excited utterance exception to the hearsay rule.  We disagree.

Generally, the State is not required to call every conceivable witness with knowledge of the case, as long as the defendant’s guilt is proven beyond a reasonable doubt.  
See generally
, Shelvin v. State, 884 S.W.2d 874, 877 (Tex.App.–Austin 1994, pet. ref’d).  An accused’s right to confrontation and cross-examination under Article I, Section 10 of the Texas Constitution is not violated if the State decides not to call the complaining witness to testify.  Chavez v. State, 508 S.W.2d 384, 386 (Tex.Cr.App. 1974).  Because the State was able to establish appellant’s guilt by the Browns’ eye witness testimony and appellant’s testimony that he slapped the victim, the State was not required to produce the victim as a witness.  Point of error eight is overruled.

Appellant’s ninth point contention that Officer Edwards’s testimony was not admissible under the excited utterance exception to hearsay mirrors appellate counsel’s arguable point of error.  An excited utterance is a “statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.”  Tex. R. Evid. 803(2).  The critical factor in determining the admissibility of a statement as an excited utterance is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event.  Penry v. State, 903 S.W.2d 715, 750-51 (Tex.Cr.App. 1995), 
cert. denied
, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995).  A ruling on the admissibility of an out-of-court statement under a hearsay exception is within the discretion of the trial court and subject to review only for abuse.  Coffin v. State, 885 S.W.2d 140, 149 (Tex.Cr.App. 1994), citing Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex.Cr.App. 1991) (opinion on reh’g).  Over trial counsel’s hearsay objection, Officer Edwards testified that he arrived on the scene three minutes after being dispatched to respond and that he found the victim upset, crying, yelling, and holding a bloody napkin to her face after being beaten up by appellant.  Under these circumstances, we find the trial court did not abuse its discretion in admitting Officer Edwards’s testimony as an excited utterance.  Point of error nine is overruled.   

By point of error ten, appellant contends trial counsel was ineffective by failing to except to the trial court’s rulings on his objections.  We disagree.  In order to preserve error for appellate review, counsel is required to object and obtain a ruling.  Tex. R. App. P. 33.1(a); Rezac v. State, 782 S.W.2d 869, 870 (Tex.Cr.App. 1990).  Trial counsel made numerous objections during trial and pursued them to adverse rulings.  Because excepting to the trial court’s rulings was not required to preserve error, counsel’s performance cannot be labeled ineffective.  Point of error ten is overruled.

By his twelfth and final point, appellant raises a double jeopardy claim contending he was tried twice for the same offense.  We disagree.  Appellant asserts he had been placed on deferred adjudication for assaulting his girlfriend and was then tried for the same offense in the underlying proceeding.  To support his contention, he attached to his brief an unsigned and undated copy of an order deferring his guilt and several other documents.  Documents attached to briefs cannot be considered on appeal.  
Cf.
 Crossley v. Staley, 988 S.W.2d 791, 794 (Tex.App.–Amarillo 1999, no pet.).  Furthermore, the procedure for raising a double jeopardy claim is by filing a sworn special plea averring that he has already been prosecuted for the same offense and that the former prosecution resulted in acquittal, conviction, improper termination, or termination by final order or judgment.  Tex. Code Crim. Proc. Ann. art. 27.05 (Vernon 1989); Casey v. State, 828 S.W.2d 214, 215 (Tex.App.–Amarillo 1992, no pet.).  Because an order deferring an adjudication of guilt does not result in any of the aforementioned conditions, appellant could not have presented a double jeopardy claim at trial.   Moreover, in order to preserve a claim of double jeopardy, an objection must be made at or before the time the charge is submitted to the jury.  Because no objection was lodged below raising a claim of double jeopardy, the issue is not preserved for review.  Point of error twelve is overruled.  

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

Do not publish.

FOOTNOTES
1:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).