11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Deborah
Ann Ferrell a/k/a Deborah Ann Pierce

Appellant

Vs.                   No.  11-03-00285-CR -- Appeal from Erath County

State
of Texas

Appellee

 

The jury convicted Deborah Ann Ferrell a/k/a
Deborah Ann Pierce of theft over $1,500 but less than $20,000.  The trial court assessed her punishment at
confinement in a State Jail Facility for 18 months.  We affirm.

Appellant=s
court-appointed counsel has filed a brief in which he states that he has
conscientiously examined the record. 
After a thorough review of the record, counsel can find no ground of
error that can be supported by the record.  
Following the procedures outlined in Anders v. California, 386
U.S. 738 (1967), and Gainous v. State,
436 S.W.2d 137 (Tex.Cr.App.1969), counsel has concluded that the appeal is
without merit.  Counsel discusses the
applicable law and concludes that there are no grounds upon which to predicate
a reversal.

Counsel furnished appellant with a copy of the
brief and advised appellant of her right to review the record and file a pro se
brief.  Counsel complied with the
procedures outlined in Anders v. California, supra; Stafford v. State,
813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974);
and Gainous v. State, supra.








The record shows that appellant moved into the
home of Gaynelle Keeney to help care for her.   Keeney was 76 years old at the time of
trial.  After appellant moved in, Keeney
was hospitalized, but appellant continued to live in Keeney=s home. 
Keeney testified that sometime after returning home from the hospital,
she noticed some of her rings were missing. 
Appellant was no longer working for her or living with her at the time
Keeney discovered that the jewelry was missing. 


Appellant admitted taking the rings, but she
testified that Keeney told her that she could have the rings.  Appellant said that Keeney told her to Ado something good@ with the rings.  Appellant testified that she took the rings
to two different pawn shops and that she received a total of $300 for the
rings.  Appellant said that she then gave
the money to A[t]hree different ministries.@  Keeney testified that she did not give the
rings to appellant and that she did not give appellant permission to sell the
rings.   

On April 26, 2004, appellant filed a pro se brief
in which she asserts 50 points of error. 
In Points of Error Nos. 1 through 20 and 38, 39, 45, 46, 47, and 50,
appellant argues that she received ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466
U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999).  We must indulge a
strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v. State, supra.

Appellant=s
trial counsel represented her at the guilt/innocence phase of the trial.  The trial court appointed different counsel
to represent appellant at the punishment phase of the trial and on appeal.   Appellant=s
points of error allege ineffective assistance of counsel on the part of both of
her court-appointed attorneys.  Appellant
complains that her trial counsel was deficient in four areas:  her pretrial preparation, her performance at voir dire, her performance at trial, and her relationship
with the district attorney.  








Appellant brings several points of error
challenging her trial counsel=s
pretrial preparation.  Appellant first
contends that her trial counsel should have sought a change of venue.  Keeney=s
grandson is an assistant district attorney for Erath County.  Appellant asserts that, because of his
position, she could not receive a fair trial in Erath County.  A defendant may file a motion for a change of
venue supported by his own affidavit and the affidavit of at least two credible
persons for either of the following reasons:

1.  That
there exists in the county where the prosecution is commenced so great a prejudice
against him that he cannot obtain a fair and impartial trial; and

 

2.  That
there is a dangerous combination against him instigated by influential persons,
by reason of which he cannot expect a fair trial.

 

TEX. CODE CRIM. PRO. ANN. art. 31.03(a) (Vernon 1989).  A defendant seeking a change of venue bears a
heavy burden to prove the existence of such prejudice in the community that the
likelihood of obtaining a fair and impartial trial is doubtful.  McGinn v.
State, 961 S.W.2d 161, 163 (Tex.Cr.App.1998).  The record shows that the district attorney
for Erath County informed the jury panel of the relationship between the
assistant district attorney and Keeney. 
The district attorney stated that the assistant district attorney had
not been involved in the case.  Because
of the heavy burden on a defendant seeking a change of venue, appellant=s trial attorney may have felt that the
chance of succeeding on the motion was unlikely.  Appellant has not shown that her trial
counsel was deficient in failing to seek a change of venue.

Appellant alleges that her trial counsel=s pretrial preparation was ineffective
because she did not file pretrial motions on appellant=s
behalf.  Appellant argues that her trial
counsel should have filed a motion to have the indictment unsealed, that she
should have filed a request to limit the use of extraneous offenses, and that she
should have filed a motion in limine to prevent the
introduction of prejudicial evidence. 
The record contains a copy of the indictment.  The indictment does not contain any
defects.  Appellant=s trial counsel was not ineffective in
failing to file a motion to quash the indictment.  A defendant may petition a court to order the
disclosure of information otherwise made secret by showing a particularized
need.  TEX. CODE CRIM. PRO. ANN. art.
20.02(d) (Vernon Supp. 2004).  Appellant
has not shown a Aparticularized
need@ as
required by Article 20.02(d).  Appellant
has not shown that her trial counsel was ineffective in failing to request
disclosure of  grand jury
proceedings.  








The record indicates that, in response to the
motion of appellant=s trial
counsel, the State provided appellant with notice of its intent to introduce
evidence of extraneous offenses and bad acts committed by appellant pursuant to
TEX.R.EVID. 404(b) and TEX.CODE CRIM. PRO. ANN. art. 37.07, ' 3(g) (Vernon Supp. 2004).  The State also provided appellant with a
summary of the oral statement she made to Officer James Groves and  a list of potential witnesses.  The State noted that there was no exculpatory
evidence available at the time of its response. 
The record does not support appellant=s
argument that her trial counsel failed to file pretrial motions on her behalf.

Appellant finally complains that trial counsel did
not subpoena any witnesses to testify on her behalf.  Appellant contends that trial counsel talked
to potential witnesses and tried to dissuade them from testifying on appellant=s behalf.  Appellant states in her brief that trial
counsel believed all the potential witnesses on her behalf would only be able
to provide hearsay evidence.  The
main  fact issue to be determined in the
case was whether Keeney gave appellant the jewelry.  Appellant has not shown that trial counsel=s decision not to subpoena her
suggested witnesses was not based on sound trial strategy.  Thompson v. State, 9 S.W.3d 808
(Tex.Cr.App.1999).  The record does not
show that trial counsel was deficient in her pretrial preparation.

Appellant complains that her
trial counsel was ineffective in the manner in which she conducted voir dire.  Appellant
contends that trial counsel used peremptory strikes on behalf of the
State.  The record does not support this
argument.  Appellant also complains that
her trial counsel did not object to the State=s
failure to request a jury shuffle.  TEX.
CODE CRIM. PRO. ANN. art. 35.11 (Vernon Supp. 2004) requires that the seating
order of the venire panel be randomly shuffled at the request of either
party.  Only one shuffle is required,
regardless of which party makes the request. 
Ford v. State, 73 S.W.3d 923, 926 (Tex.Cr.App.
2002).  There is nothing in the record to
show that the process of assembling a jury panel was subverted in some fashion
to achieve a nonrandom listing of the venire. 
See Ford v. State, supra.

Appellant next complains
that her trial counsel did not make a Batson[1]
challenge to any of the State=s
peremptory challenges.  There is nothing
in the record to suggest that any peremptory challenge by the State was
racially motivated.  The record shows
that appellant=s trial
counsel questioned the jury panel and challenged a prospective juror for
cause.  Appellant has not shown that her
trial counsel was ineffective in voir dire.








Appellant brings several points of error
challenging her trial counsel=s
performance at trial.  Appellant contends
that her trial counsel did not aggressively cross-examine witnesses and that
she did not Aattack@ Keeney.  Trial counsel cross-examined each of the
State=s
witnesses.  Appellant has not shown that
the decision not to attack the witnesses was not based on sound trial
strategy.  Thompson v. State, supra.

Appellant complains that her trial counsel forced
her to testify.  When trial counsel
called appellant to testify, the trial court admonished appellant concerning
her right not to testify.  Appellant told
the trial court, A[I]f I
don=t testify there=s
no one else that can -- they will -- the jury will automatically have to accept
the -- huh -- prosecutor=s.@ 
The trial court explained that appellant had to make the decision on
whether or not to testify and stated, A[I]f
you don=t want to
I=m certainly not going to make you nor
can your attorney.@  Appellant then acknowledged that she did not Ahave any other choice,@ and she voluntarily waived her
constitutional protections.  The record
does not support appellant=s
argument.

Appellant next complains that her trial counsel
was deficient in failing to provide medical evidence of Keeney=s failing memory.  Trial counsel questioned Keeney about her
health problems and about the medications she was taking.  Trial counsel also questioned Keeney
concerning her memory of the dates she was in the hospital.    There is nothing in the record before us to
show that Keeney=s medical
records contained evidence favorable to appellant.  The record is silent as to trial counsel=s decision not to seek Keeney=s medical records.  Appellant has not overcome the presumption
that trial counsel=s
decision was based upon trial strategy.  Stafford
v. State, supra; Prudhomme v. State,
47 S.W.3d 683, 691 (Tex.App. ‑ Texarkana 2001,
pet=n ref=d).








Appellant further argues that her trial counsel
was ineffective because the evidence does not establish that all six rings
belonged to Keeney.  Keeney testified at
trial and identified the rings as belonging to her.  Appellant testified at trial, and she did not
establish that two of the rings actually belonged to appellant.  Appellant contends that her trial counsel
should have objected to the evidence concerning the value of the rings.  Keeney testified that the rings were worth
$6,000.  The owner of property is
competent to testify as to the value of his own property.  Sullivan v. State, 701 S.W.2d 905
(Tex.Cr.App.1986).  When the owner
testifies about the value of his property, there is a presumption that he is
testifying to an estimation of the fair market value.  Sullivan v. State, supra. Appellant
has not shown that her trial counsel=s
performance at trial was ineffective.

Appellant complains that her trial counsel was
ineffective because of  her relationship
with the district attorney.  Appellant
contends that, because the assistant district attorney is related to Keeney, her
trial counsel cooperated with the State and failed to confront the assistant
district attorney about his involvement in the case.  The record does not support this argument.

Appellant contends that her counsel at punishment
and on appeal was ineffective.  Appellant
complains that counsel did not adequately prepare before filing the motion for
new trial, that counsel did not provide her with a copy of the Anders
brief, and that counsel gave her false information concerning her appeal
bond.  Counsel filed a motion for new
trial alleging that the verdict was contrary to the law and evidence.  TEX.R.APP.P. 21.3(h).  Counsel filed an Anders brief on
January 20, 2004.  In that brief, counsel
states that he provided a copy to appellant. 
Appellant indicates in her brief that she was released on bond pending
appeal.  Appellant has not shown that her
counsel at punishment and on appeal was ineffective.  Appellant=s
Points of Error Nos. 1 through 20 and 38, 39, 45, 46, 47, and 50 are overruled.

In Points of Error Nos. 21 through 25, 27 through
29, and 48, appellant argues that the State engaged in prosecutorial
misconduct.  Appellant brings several
points of error complaining that the State engaged in prosecutorial misconduct
by stating the value of the rings to be $6,000. 
As previously stated, Keeney testified to the value of the rings.  Her testimony was sufficient to establish the
value of the rings.  Sullivan v.
State, supra.  Appellant complains
that the State did not prove an essential element of the offense. After
reviewing all of the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). After
reviewing all of the evidence in a neutral light favoring neither party, we
hold that the jury=s verdict
is not so against the great weight of the evidence as to be clearly wrong and
unjust.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State 922 S.W.2d 126 (Tex.Cr.App.1996).








Appellant further argues that the prosecutor
engaged in misconduct in introducing evidence of extraneous offenses, in
commenting on those offenses and appellant=s
religious affiliation during closing arguments, in developing a trial strategy
to prejudice appellant, and in conspiring with defense attorneys.  The State provided appellant with notice of
its intent to introduce evidence of appellant=s
extraneous offenses.  Rule 404(b).  The State=s
complained-of statements during closing arguments were a summation of the
evidence.  See Felder v. State,
848 S.W.2d 85, 94‑95 (Tex.Cr.App.1992), cert. den=d, 510 U.S. 829 (1993). The record
does not support appellant=s
argument that the State engaged in a strategy of prejudice against her or that
the State conspired with defense attorneys. 
Appellant=s Points
of Error Nos. 21 through 25,  27 through
29, and 48 are overruled.

In Points of Error Nos. 26, 30 through 37, 40
through 44, and 49, appellant complains of the trial court=s errors. In Point of Error No. 26,
appellant argues that the trial court incorrectly admonished her concerning her
right not to testify.  This argument was
previously discussed.  The record does
not support this argument.  Point of
Error No. 26 is overruled.  In Point of
Error No. 30, appellant complains that the trial court erred in allowing
appellant=s trial
counsel to use peremptory strikes on behalf of the State before the voir dire process began. 
In Point of Error No. 33, appellant complains that the trial court erred
in allowing Keeney to testify about the value of the rings.  Appellant further argues that two of the
rings belonged to her.  Both of these
points of error were previously discussed, and both are overruled.  In Point of Error No. 49, appellant states
that the trial court erred in denying her bond pending appeal.  Again this point was previously discussed,
and appellant indicates that she was released on bond.  Point of Error No. 49 is overruled.

In Point of Error No. 31, appellant contends that
the trial court erred in allowing witnesses to listen to the trial
proceedings.   Mike Tumillo
wrote a letter which was filed by the district clerk on July 17, 2003, and was
included in the record.  The letter
states that members of Keeney=s
family were listening to the trial proceedings from the waiting area.  Appellant did not object at trial that the
State was in violation of TEX.R.EVID. 614. 
Appellant has not preserved this complaint for review.  TEX.R.APP.P. 33.1.  Point of Error No. 31 is overruled.  In Point of Error No. 35, appellant states
that the trial court should have a sign informing potential witnesses that Rule
614 has been invoked. Appellant has not preserved this complaint for
review.  Rule 33.1.  Point of Error No. 35 is overruled.








In Point of Error No. 32, appellant argues that
Keeney=s
daughter, who did not testify at trial, actually filed the charges against her
in violation of appellant=s
right to confront witnesses against her. 
The confrontation right does not speak to the State=s burden of production or the number of
witnesses required for conviction.  See
Henderson v. State ,14 S.W.3d 409, 413 (Tex.App. ‑
Austin 2000, no pet=n); Shelvin v. State, 884 S.W.2d 874, 877 (Tex.App. - Austin 1994, pet=n
ref=d). 
As a general rule, the State is not required to produce every
conceivable witness with knowledge of the case. 
Henderson v. State, supra; Shelvin v.
State, supra.  Point of Error No. 32
is overruled.

In Points of Error Nos. 34, 40, and 41, appellant
complains that the trial court erred in its handling of physical evidence at
trial.  Appellant states that the trial
court erred in allowing pictures of the rings to be included in the record on
appeal, that the State failed to maintain a proper chain of custody for the
rings, and that the trial court erred in returning the rings to Keeney.  The identity of the rings was not an issue at
trial.  Keeney identified the rings as
belonging to her, and we have found the evidence both legally and factually
sufficient to support appellant=s
conviction.  Physical evidence and
original exhibits are not required to be included in the reporter=s record.  See UNIFORM FORMAT MANUAL FOR TEXAS
COURT REPORTERS, ' 18.1 (eff. May 1, 1999). 
The original exhibits were not necessary for a disposition of the
appeal.  See TEX.R.APP.P.  34.6(g). 
Appellant complains that two of the rings belonged to her and that,
because the trial court returned the rings to Keeney, Keeney has in effect
stolen the rings from her.  The evidence
in the record before us does not support appellant=s
argument that two of the rings belonged to her. 
Moreover, that issue would be a separate cause of action that is not
before this court.  Points of Error Nos.
34, 40, and 41 are overruled.

In Point of Error No. 36, appellant complains that
the trial court erred in allowing the jury to be prejudiced by the State.  The record does not support this
argument.  Point of Error No. 36 is
overruled.

In Point of Error No. 37, appellant contends that
a combination of all of the errors resulted in her being denied a fair trial.
We find that the evidence is both legally and factually sufficient to support
appellant=s
conviction.  The record before us does
not show that appellant failed to receive a fair trial.  Point of Error No. 37 is overruled.








In Points of Error Nos. 42, 43, and 44, appellant
complains that her pending motions before this court for a copy of the presentence investigation report and other requests for
information have not been ruled upon.  On
this same day, we have considered and overruled appellant=s motions; therefore, these points of
error are moot and need not be addressed. 
TEX.R.APP.P. 47.1.

On April 29, 2004, appellant filed a supplemental
brief in which she brings three additional points of error.  Appellant first argues that a police report
indicated that 6 rings and a necklace were stolen from Keeney.  Appellant contends that the value of the
necklace was included in determining the penalty range for the offense.  Appellant was indicted for committing the
offense of theft of property valued at more than $1,500 but less than
$20,000.  The indictment alleges the
theft of Ajewelry.@ 
The evidence at trial established that appellant took 6 rings from
appellant with a value of $6,000.  

Appellant next argues that the investigation of
the offense began before Aany
sworn statement/charging instrument was in place.@  The record shows that appellant was
questioned about the offense on May 29, 2002. 
After an investigation, appellant was indicted on September 19, 2002.  Appellant has not presented any error for
appellate review.  

Finally, appellant complains again that her motion
for a copy of the presentence investigation report
has not been ruled on by this court.  On
this day, we have considered and overruled appellant=s
motion.  All of appellant=s points of error have been considered
and all are overruled.  Following the
procedures outlined in Anders, we have independently reviewed the
record.  We agree with appellant=s court-appointed counsel that the
appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

May 20, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Batson v. Kentucky, 476 U.S. 79 (1986).